IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAVIL MINGAZA GAMIL, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-2010 (JR) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.,* | ) |
| | ) |
| Respondents. | ) |
| | ) |
| NAIF ABDULLA AL | ) |
| NAKHEELAN, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-2201 (ESH) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.,* | ) |
| | ) |
| Respondents. | ) |
| | ) |
| MOHAMMED BIN JAIED BIN ALADI | ) |
| AL MOHAMMED AL | ) |
| SUBAIE, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-2216 (RCL) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.,* | ) |
| | ) |
| Respondents. | ) |
| | ) |

FAHD ABDULLAH AHMED )
    GHAZY, *et al.*, )
  )
    Petitioners, )
  )
    v. )    Civil Action No. 05-CV-2223 (RJL)
  )
GEORGE W. BUSH, )
    President of the United States, )
    *et al.,* )
  )
    Respondents. )
  )

ABDULLAH WAZIR ZADRAN, *et al.*, )
  )
    Petitioners, )
  )
    v. )    Civil Action No. 05-CV-2367 (RWR)
  )
GEORGE W. BUSH, )
    President of the United States, )
    *et al.,* )
  )
    Respondents. )
  )

ABDULLAH ALI SALEH GERAB )
    ALSAAEI, *et al.*, )
  )
    Petitioners, )
  )
    v. )    Civil Action No. 05-CV-2369 (RWR)
  )
GEORGE W. BUSH, )
    President of the United States, )
    *et al.,* )
  )
    Respondents. )
  )



)
ADHAM MOHAMMAD ALI AWAD,          )
                                  )
          Petitioner,             )
                                  )
     v.                           )          Civil Action No. 05-CV-2379 (RWR)
                                  )
GEORGE W. BUSH,                   )
     President of the United States,   )
     *et al.*,                    )
                                  )
          Respondents.            )
                                  )
                                  )
ISMAIL ALI AL RAMMI, *et al.*,    )
                                  )
          Petitioners,            )
                                  )
     v.                           )          Civil Action No. 05-CV-2381 (JDB)
                                  )
GEORGE W. BUSH,                   )
     President of the United States,   )
     *et al.*,                    )
                                  )
          Respondents.            )
                                  )

## RESPONDENTS' MOTION TO STAY PROCEEDINGS
## PENDING RELATED APPEALS

For the reasons explained below, respondents move to stay proceedings in the above-
captioned cases pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos.
04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed,
Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-
CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal,
No. 05-5064 (D.C. Cir. Mar. 10, 2005). The pending appeals will address the core issues in these

cases and, thus, determine how these cases should proceed, including whether factual returns

submitted in response to orders to show cause should be required, if at all.  It makes no sense for

these cases to proceed prior to resolution of the appeals; further proceedings would require the

expenditure of significant judicial and other resources that may be avoided as a result of the

appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated

once the appeals are decided and the Court of Appeals provides guidance regarding handling of

the claims in all of the Guantanamo detainee cases.

In seeking a stay, however, respondents do not intend thereby to block counsel access to

properly represented petitioners.   To that end, respondents do not object to entry of the

protective order previously entered in other Guantanamo detainee cases, along with appropriate

supplementary orders, to permit such access.[1]  See Amended Protective Order and Procedures for

Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re

Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 8, 2004) (attached as Exhibit

A); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004

Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C.

Dec. 13, 2004) (attached as Exhibit B); Order Addressing Designation Procedures for "Protected

Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10,

2004) (attached as Exhibit C).[2]

---

[1]  Respondents' lack of objection to entry of these orders, however, is without prejudice
to their right to challenge any particular terms of these orders in any future proceedings as
appropriate.

[2]  Respondents have been unable to identify the following petitioners as detainees at
Guantanamo Bay: Fadi Ahmad Alimaqaleh in Ghazy v. Bush; Abdullah Wazir Zadran, Dr.
Hiyatullah, Ghulam Roohani, Mohammad Wabi Umari, and Tooran Mohammad Amannullah in

Pursuant to LCvR 7(m), counsel for respondents attempted to confer with counsel for petitioners. Counsel for petitioners in <u>Al Subaie</u>, <u>Ghazy</u>, <u>Zadran</u>, <u>Alsaaei</u>, <u>Al Rammi</u> and <u>Awad</u> indicated that they oppose the relief as requested herein.

## BACKGROUND

The above-captioned case is one of nearly 200 petitions filed on behalf of aliens detained by the Department of Defense ("DoD") at the United States Naval Base at Guantanamo Bay, Cuba. Within just a few weeks after the Supreme Court's decision in <u>Rasul v. Bush</u>, 542 U.S. 466 (2004), which held that aliens apprehended abroad and detained at Guantanamo as enemy combatants can invoke the habeas jurisdiction of a district court under 28 U.S.C. § 2241, there were pending in this Court thirteen habeas lawsuits on behalf of more than 60 Guantanamo detainees. Given the common issues involved in the Guantanamo detainee cases, the situation led this Court to issue, on or about September 14, 2004, a Resolution of the Executive Session, providing that the Guantanamo detainee cases and any similar cases filed in the future were to be transferred to Senior Judge Joyce Hens Green for coordination and management, with the transferring judges retaining the cases for all other purposes. Under the Resolution, Judge Green was to decide any common procedural and substantive issues with the consent of the transferring judge(s).

Pursuant to her charge, Judge Green established a schedule for the filing by respondents of returns indicating the factual bases for the detention of each petitioner and also scheduled briefing on the legal issues pertaining to the petitions, <u>i.e.</u>, on respondents' motion to dismiss or

---

Zadran v. Bush; Abdullah Ali Saleh Gerab Alsaaei in <u>Alsaaei v. Bush</u>; and Ismail Ali Al Rammi in <u>Al Rammi v. Bush</u>.

for judgment as a matter of law. Judge Green also entered a protective order applicable to the

cases, which included procedures for counsel access to detainees, taking into account the

potentially classified nature of much of the information held by or pertaining to the detainees.

See Amended Protective Order and Procedures for Counsel Access to Detainees at the United

States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-

0299, et al. (D.D.C. Nov. 8, 2004).

On January 19, 2005, Judge Leon granted respondents' motion to dismiss or for judgment

in its entirety, concluding that constitutional protections do not extend to aliens outside sovereign

United States territory, such as petitioners, and that petitioners also have no viable claims under

U.S. statutory law or international law or treaties. See Khalid v. Bush, No. 04-CV-1142 (RJL),

Boumediene v. Bush, No. 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005). The Khalid

and Boumediene cases are currently on appeal to the D.C. Circuit. See Nos. 05-5062, 05-5063

(D.C. Cir.).

On January 31, 2005, Judge Green entered an order (and memorandum opinion) in eleven

other of the pending Guantanamo Bay detainee cases[3] denying in part and granting in part

respondents' motion to dismiss or for judgment as a matter of law. See Memorandum Opinion

Denying in Part and Granting in Part Respondents' Motion to Dismiss or for Judgment as a

Matter of Law in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443

---

[3] Hicks v. Bush, No. 02-CV-0299 (CKK); Al Odah v. United States, No. 02-CV-0828
(CKK); Habib v. Bush, No. 02-CV-1130 (CKK); Kurnaz v. Bush, No. 04-CV-1135 (ESH);
O.K.v. Bush, No. 04-CV-1136 (JDB); Begg v. Bush, No. 04-CV-1137 (RMC); El-Banna v.
Bush, No. 04-CV-1144 (RWR); Gherebi v. Bush, No. 04-CV-1164 (RBW); Anam v. Bush, No.
04-CV-1194 (HHK); Almurbati v. Bush, No. 04-CV-1227 (RBW); and Abdah v. Bush, No. 04-
CV-1254 (HHK).

(D.D.C. 2005).  Contrary to the prior decision of Judge Leon, Judge Green, inter alia, determined

that procedural "due process" protections apply to aliens detained at Guantanamo Bay and that

the Combatant Status Review Tribunal proceedings the military has used to confirm detainees'

status as enemy combatants do not satisfy these due process requirements.  Id. at 453-78.

Further, in her decision, Judge Green agreed with the decision of Judge Robertson in Hamdan v.

Rumsfeld, 344 F. Supp. 2d 152, 165 (D.D.C. 2004), rev'd, 415 F.3d 33 (D.C. Cir. 2005), and

concluded that the Third Geneva Convention is "self-executing" and can provide petitioners with

a claim in a habeas action.[4]  355 F. Supp. 2d at 478-80.  Judge Green, however, dismissed

petitioners' remaining constitutional, statutory, international law, and treaty claims.  Id. at 480-

81.

　　Judge Green noted that her January 31, 2005 decision on respondents' motion to dismiss

or for judgment "technically applie[d] only to the eleven cases contained in the [opinion's]

caption," but the Court nevertheless acknowledged that the opinion "addresse[d] issues common"

to eight other Guantanamo Bay detainee cases that had been filed during or after the briefing and

oral argument that resulted in the Court's opinion.[5]  See id. at 452 & n.15.

　　On February 3, 2005, respondents filed a motion seeking certification of the January 31,

2005 order for interlocutory appeal and filed a motion to stay all the Guantanamo Bay detainee

cases pending at that time, consistent with the need for these cases to proceed in a coordinated

---

[4]  The D.C. Circuit held in Hamdan that the Third Geneva Convention does not give rise
to claims enforceable in court.  See Hamdan, 415 F.3d at 40.

[5]  Belmar v. Bush, No. 04-CV-1897 (RMC); Al-Qosi v. Bush, No. 04-CV-1937 (PLF);
Paracha v. Bush, No. 04-CV-2022 (PLF); Al-Marri v. Bush, No. 04-CV-2035 (GK); Zemiri v.
Bush, No. 04-CV-2046 (CKK); Deghayes v. Bush, No. 04-CV-2215 (RMC); Mustapha v. Bush,
No. 05-CV-22 (JR); Abdullah v. Bush, No. 05-CV-23 (RWR).

fashion. Thus, the motion was filed as a motion for certification of order for interlocutory appeal and for a stay in the eleven cases in which the January 31, 2005 order was entered, and was filed by respondents solely as a motion to stay in the other then-pending cases. Judge Green certified her January 31, 2005 decision on respondents' motion to dismiss or for judgment for appeal and stayed proceedings in the eleven cases in which the January 31, 2005 order was entered, "for all purposes pending resolution of all appeals." Judge Green left the decision whether to stay cases other than the eleven to the individual judges in those cases. See Order Granting in Part and Denying in Part Respondents' Motion for Certification of Jan. 31, 2005 Orders and for Stay in In re Guantanamo Detainee Cases (Feb. 3, 2005) (Green, J.).

Various petitioners in the eleven cases sought reconsideration of Judge Green's stay order, arguing that the Court should permit factual development and proceedings regarding detainee living conditions to go forward. See, e.g., Petrs' Motion for Reconsideration of Order Granting Stay Pending Appeal at 9-10 (dkt. no. 203 in Al Odah, No. 02-CV-0828 (CKK)). Judge Green, however, denied the motion for reconsideration

> in light of the substantial resources that would be expended and the
> significant burdens that would be incurred should this litigation go
> forward, and . . . [in] recognition that a reversal of the Court's
> January 31, 2005 rulings would avoid the expenditure of such
> resources and incurrence of such burdens . . . .

See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 482 (D.D.C. 2005) (Green, J.).

On February 9, 2005, pursuant to Judge Green's certification, respondents filed a petition for interlocutory appeal of the January 31, 2005 decision with the D.C. Circuit, see 28 U.S.C.

§ 1292(b), and requested that the appeal proceed on an expedited basis.  Further, petitioners in the eleven cases subject to Judge Green's decision filed a cross-petition for interlocutory appeal with the D.C. Circuit and petitioners in Al-Odah appealed Judge Green's stay order.  On March 10, 2005, the D.C. Circuit accepted the interlocutory appeal.  In addition, as noted above, petitioners in Khalid and Boumediene appealed Judge Leon's decision.  Oral argument in both appeals was held on September 8, 2005.

In light of these pending appeals, several of the cases pending at the time of Judge Green's decision, but that Judge Green did not stay, have been stayed pending appeal.  See Paracha, No. 04-CV-2022 (PLF) (dkt. no. 49); Al Marri, No. 04-CV-2035 (GK) (dkt. no. 26); Zemiri, No. 04-CV-2046 (CKK) (dkt. no. 32); Deghayes, No. 04-CV-2215 (RMC) (dkt. no. 7); Mustapha, No. 05-CV-22 (JR) (dkt no. 7); Abdullah, No. 05-CV-23 (RWR) (dkt. no. 16).  As Judge Kessler stated in her stay order in Al Marri,

> The opinions resolving Judge Leon's and Judge Green's cases encompass and discuss many of the precise issues raised in Respondents' Motion [to Stay]. Thus, until the Court of Appeals addresses these issues, the law in this Circuit is unsettled, since Judge Green and Judge Leon reached different conclusions about many of the issues before them. Requiring this case to proceed before appellate resolution of those cases therefore would involve an unnecessary expenditure of judicial resources.

Order dated March 8, 2005 in Al-Marri, No. 04-CV-2035 (GK), at 2.

Since February 3, 2005 – the date respondents moved to stay all of the Guantanamo Bay detainee cases pending at that time – over 175 new petitions, involving over 275 petitioners, have been filed.  Respondents have filed motions to stay proceedings in these new cases for the reasons stated herein, and several Judges of this Court have stayed proceedings in the cases

pending before them.[6]  The above-captioned cases are part of this wave of new petitions.

_____

    [6]  See Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (dkt. no. 18); El-Mashad v. Bush,
No. 05-CV-0270 (JR) (dkt. no. 29); Al-Adahi v. Bush, No. 05-CV-0280 (GK) (dkt. no. 35); Al
Joudi v. Bush, No. 05-CV-0301 (GK) (dkt. no. 26); Al-Wazan v. Bush, No. 05-CV-0329 (PLF)
(dkt. no. 15); Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (dkt. no. 21); Alhami v. Bush, No. 05-
CV-0359 (GK) (dkt. no. 20); Ameziane v. Bush, No. 05-CV-0392 (ESH) (dkt. no. 12); Sliti v.
Bush, No. 05-CV-0429 (RJL) (dkt. no. 8); M.C. v. Bush, No. 05-CV-0430 (ESH) (dkt. no. 10);
Kabir v. Bush, No. 05-CV-0431 (RJL) (dkt. no. 10); Qayed v. Bush, No. 05-CV-0454 (RMU)
(dkt. no. 4); Al-Shihry v. Bush, No. 05-CV-0490 (PLF) (dkt. no. 14); Aziz v. Bush, No. 05-CV-
492 (JR) (dkt. no. 16); Qassim v. Bush, No. 05-CV-0497 (JR) (dkt. no. 14); Al-Oshan v. Bush,
No. 05-CV-0520 (RMU) (dkt. no. 12); Tumani v. Bush, No. 05-CV-0526 (RMU) (dkt. no. 5);
Al-Oshan v. Bush, No. 05-CV-0533 (RJL) (dkt. no. 6); Al Shamri v. Bush, No. 05-CV-0551
(RWR) (dkt. no. 10); Salahi v. Bush, No. 05-CV-0569 (JR) (dkt. no. 8); Mammar v. Bush, No.
05-CV-0573 (RJL) (dkt. no. 5); Al-Sharekh v. Bush, No. 05-CV-0583 (RJL) (dkt. no. 9);
Magram v. Bush, No. 05-CV-0584 (CKK) (dkt. no. 9); Al Rashaidan v. Bush, No. 05-CV-0586
(RWR) (dkt. no. 10); Mokit v. Bush, No. 05-CV-0621 (PLF) (dkt. no. 13); Al Daini v. Bush, No.
05-CV-0634 (RWR) (dkt. no. 10); Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 16);
Battayav v. Bush, No. 05-CV-0714 (RBW) (dkt. no. 12); Adem v. Bush, No. 05-CV-0723
(RWR) (dkt. no. 13); Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 10); Imran v. Bush, No.
05-CV-0764 (CKK) (dkt. no. 6); Al Habashi v. Bush, No. 05-CV-0765 (EGS) (Minute Order
dated September 23, 2005); Al Hamamy v. Bush, No. 05-CV-0766 (RJL) (dkt. no. 6); Hamoodah
v. Bush, No. 05-CV-0795 (RJL) (dkt. no. 13); Khiali-Gul v. Bush, No. 05-CV-0877 (JR) (dkt.
no. 9); Rahmattullah v. Bush, No. 05-CV-0878 (CKK) (dkt. no. 3); Rahmatullah v. Bush, No. 05-
CV-0879 (RBW) (dkt. no. 4); Nasrat v. Bush, No. 05-CV-0880 (ESH) (dkt. no. 4); Slahi v. Bush,
No. 05-CV-0881 (RWR) (dkt. no. 5); Bostan v. Bush, No. 05-CV-0883 (RBW) (dkt. no. 4);
Chaman v. Bush, No. 05-CV-0887 (RWR) (dkt. no. 7); Gul v. Bush, No. 05-CV-0888 (CKK)
(dkt. no. 3); Basardh v. Bush, No. 05-CV-0889 (ESH) (dkt. no. 4); Nasrullah v. Bush, No. 05-
CV-0891 (RBW) (dkt. no. 4); Shaaban v. Bush, No. 05-CV-0892 (CKK) (dkt. no. 3); Sohail v.
Bush, No. 05-CV-0993 (RMU) (dkt. no. 3); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB) (dkt.
no. 4); Al Karim v. Bush, No. 05-CV-0998 (RMU) (dkt. no. 3); Al-Khalaqi v. Bush, No. 05-CV-
0999 (RBW) (dkt. no. 3); Kahn v. Bush, No. 05-CV-1001 (ESH) (dkt. no. 3); Mangut v. Bush,
No. 05-CV-1008 (JDB) (dkt. no. 2); Hamad v. Bush, No. 05-CV-1009 (JDB) (dkt. no. 4); Khan
v. Bush, No. 05-CV-1010 (RJL) (dkt. no. 3); Zuhoor v. Bush, No. 05-CV-1011 (JR) (dkt. no. 7);
Ali Shah v. Bush, No. 05-CV-1012 (ESH) (dkt. no. 3); Salaam v. Bush, No. 05-CV-1013 (JDB)
(dkt. no. 2); Al-Hela v. Bush, No. 05-CV-1048 (RMU) (dkt. no. 12); Khalifh v. Bush, No. 05-
CV-1189 (JR) (dkt. no. 9); Zalita v. Bush, No. 05-CV-1220 (RMU) (dkt. no. 3); Abdulzaher v.
Bush, No. 05-CV-1236 (RWR) (dkt. no. 12); Aminullah v. Bush, No. 05-CV-1237 (ESH) (dkt.
no. 3); Ghalib v. Bush, No. 05-CV-1238 (CKK) (dkt. no. 3); Al Khaiy v. Bush, No. 05-CV-1239
(RJL) (dkt. no. 5); Bukhari v. Bush, No. 05-CV-1241 (RMC) (dkt. no. 18); Pirzai v. Bush, No.
05-CV-1242 (RCL) (dkt. no. 4); Peerzai v. Bush, No. 05-CV-1243 (RCL) (dkt. no. 4); Alsawam
v. Bush, No. 05-CV-1244 (CKK) (dkt. no. 3); Mohammadi v. Bush, No. 05-CV-1246 (RWR)
(dkt. no. 7); Al Ginco v. Bush, No. 05-CV-1310 (RJL) (dkt. no. 5); Ullah v. Bush, No. 05-CV-

For the reasons explained below, the proceedings in these cases should be stayed, and factual returns should not be required, pending resolution of all appeals.

## ARGUMENT

I.    **The Court Should Grant a Stay of the Above-Captioned Guantanamo Bay Detainee Cases Pending Resolution of the Pending Related Appeals.**

In light of the extraordinary issues presented in the above-captioned cases that must be resolved on appeal, respondents seek a stay of these cases, which present issues, indeed core claims, that are directly raised in, or will be affected by decisions in, the appeals in In re Guantanamo Detainee Cases, Khalid, and Boumediene.  The outcome of the appeals will determine how all of the Guantanamo detainee cases should proceed, if at all.  In light of this

---

1311 (RCL) (dkt. no. 5); Al Bihani v. Bush, No. 05-CV-1312 (RJL) (dkt. no. 4); Mohammed v. Bush, No. 05-CV-1347 (GK) (dkt. no. 7); Saib v. Bush, No. 05-CV-1353 (RMC) (Minute Order dated August 1, 2005); Hatim v. Bush, No. 05-CV-1429 (RMU) (dkt. no. 16); Al-Subaiy v. Bush, No. 05-CV-1453 (RMU) (dkt. no. 14); Dhiab v. Bush, No. 05-CV-1457 (GK) (Minute Order dated August 29, 2005); Sadkhan v. Bush, No. 05-CV-1487 (RMC) (dkt. no. 13); Faizullah v. Bush, No. 05-CV-1489 (RMU) (dkt. no. 3); Faraj v. Bush, No. 05-CV-1490 (PLF) (dkt. no. 11); Khan v. Bush, No. 05-CV-1491 (JR) (dkt. no. 8); Ahmad v. Bush, No. 05-CV-1492 (RCL) (dkt. no. 3); Amon v. Bush, No. 05-CV-1493 (RBW) (dkt. no. 3); Kiyemba v. Bush, No. 05-CV-1509 (RMU) (dkt. no. 8); Idris v. Bush, No. 05-CV-1555 (JR) (dkt. no. 27); Attash v. Bush, No. 05-CV-1592 (RCL) (dkt. no. 12); Mamet v. Bush, No. 05-CV-1602 (ESH) (dkt. no. 9); Akhtiar v. Bush, No. 05-CV-1635 (PLF) (dkt. no. 10); Ghanem v. Bush, No. 05-CV-1638 (CKK) (dkt. no. 7); Al-Badah v. Bush, No. 05-CV-1641 (CKK) (dkt. no. 12); Zaid v. Bush, No. 05-CV-1646 (JDB) (dkt. no. 12); Al-Bahooth v. Bush, No. 05-CV-1666 (ESH) (dkt. no. 20); Ali Ahmed v. Bush, No. 05-CV-1678 (GK) (dkt. no. 19); Al-Rubaish v. Bush, No. 05-CV-1714 (RWR) (dkt. no. 16); Bin Amir v. Bush, No. 05-CV-1724 (RMU) (dkt. no. 11); Sameur v. Bush, No. 05-CV-1806 (CKK) (dkt. no. 5); Al-Harbi v. Bush, No. 05-CV-1857 (CKK) (dkt. no. 3); Alkhemisi v. Bush, No. 05-CV-1983 (RMU) (dkt. no. 5); Al-Shabany v. Bush, No. 05-CV-2029 (JDB) (dkt. no. 11); Al Jayfi v. Bush, No. 05-CV-2104 (RBW) (dkt. no. 14); Al-Mudafari v. Bush, No. 05-CV-2185 (JR); Al-Mithali v. Bush, No. 05-CV-2186 (ESH) (dkt. no. 22).

fact, these cases should not go forward prior to obtaining such guidance from the D.C. Circuit through the resolution of the appeals.[7]

The petition in these cases, which seek to challenge the legality of the detention of foreign nationals detained at Guantanamo Bay, raise legal issues that were squarely addressed by the opinions in In re Guantanamo Detainee Cases, Khalid, and Boumediene and that are raised in the appeals, including: (1) whether the petitioners have stated valid claims under the Fifth Amendment to the United States Constitution and, if so, whether the procedures implemented by respondents to determine the status of petitioners violate their Fifth Amendment rights; (2)

---

[7]  The Court has the authority to stay proceedings in habeas cases, even prior to the filing of a response. Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"), which are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in these cases, see 2254 Rule 1(b), a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243. Rule 4 provides that "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. . . ." See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses. Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail"). Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules. See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases). See also Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

whether the petitioners have stated valid claims under the Third Geneva Convention;[8] and (3) whether the petitioners have stated valid claims based on various other legal theories, including other Constitutional provisions, other international treaties, Military regulations, the Administrative Procedures Act, the Alien Tort Statute, and customary international law.  It makes no sense for proceedings related to the merits of these cases, such as the submission of factual returns in response to orders to show cause regarding the issuance of a writ of habeas corpus, to go forward when decisions from the D.C. Circuit on the related Guantanamo detainee appeals will determine the legal analyses applicable to these cases and, indeed, whether and how these cases should proceed.

Also, as Judge Green recognized, further proceedings consistent with her January 31, 2005 rulings, including, in the view of petitioners in those cases, extensive discovery and factual development, promise to impose "significant burdens" that may be avoided, depending on the outcome of the appeals.  See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482.  And as Judge Kessler concluded, "the law in this Circuit is [currently] unsettled," given the contrary decisions of Judges Green and Leon.  Al Marri, No. 04-CV-2035 (GK) (dkt. no. 26).  Requiring these cases to proceed before resolution of the appeals "would involve an unnecessary expenditure of judicial resources."  Id.  Indeed, any proceedings that are permitted to go forward very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in the Guantanamo detainee cases.

---

[8] See footnote 4, supra.

For these reasons, these cases should be stayed pending guidance from the D.C. Circuit, through the various appeals, regarding the issues in these cases, including whether and how to proceed.

## II.     Respondents Should Not Be Required to Submit Factual Returns During the Pendency of the Stay.

Although respondents do not object to entry of the protective order and related, supplementary orders previously entered in other Guantanamo detainee cases to enable counsel to meet and correspond with properly represented petitioners in a privileged manner at Guantanamo Bay on appropriate matters related to these cases, it makes no sense for the government to process and submit factual returns[9] with respect to petitioners when the D.C. Circuit will be considering the proper scope of these habeas proceedings, including whether the claims can be dismissed without reference to specific factual returns. See Khalid, 355 F. Supp. 2d 311 (dismissing petitioners' claims in their entirety). Even if counsel had access to factual returns, they would not be able to share classified information in the returns with petitioners. See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2004), ¶ 30. Thus, there is no reason why counsel need access to factual returns at this time.[10]

---

[9] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases. Factual returns include both classified and unclassified material.

[10] In this vein, various Judges of this Court have declined to require factual returns during the pendency of the stay. See, e.g., Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 5); Imran v. Bush, No. 05-CV-0764 (CKK) (dkt. no. 6); Attash v. Bush, No. 05-CV-1592 (RCL) (dkt. no.

Moreover, the submission of factual returns which, in any event, may ultimately be unnecessary, burdens the government's resources and risks the inadvertent disclosure of classified information. Each factual return must be obtained from the Department of Defense, and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Each return can range from dozens to hundreds of pages, depending upon the circumstances. Thus, respondents face an immense logistical burden to process and file the returns, especially on the short, simultaneous schedules being requested by petitioners in the various cases. Further, submission of these returns vastly expands access to classified information contained in the returns, thereby increasing the risks of inadvertent or other disclosure or compromise of the information. These burdens and risks, however, could be rendered completely unnecessary, depending on the outcome of the appeals. Cf. Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482 (staying cases so as to avoid expenditure of "substantial resources" and imposition of "significant burdens" that might not be necessary depending on outcome of appeal).

Although certain Judges of this Court have ordered respondents to submit factual returns in cases that are otherwise stayed, respondents oppose the submission of factual returns in the above-captioned cases for the reasons stated herein. If submission of factual returns were to go forward at all, it could only be done pursuant to a coordinated and reasonable schedule, taking

---

12).

account of the fact that petitioners in all the recently filed cases are seeking factual returns and recognizing the logistical burdens posed by an undertaking to produce returns in the cases. Given these circumstances, a schedule for the rolling production of factual returns in these cases (and potentially other cases) over the next 10 to 12 weeks would be appropriate.  In a number of other recent cases, the government has been given between 90 and 120 days to file factual returns, and respondents request that the Court impose a similar schedule, if the Court decides to require factual returns.  See e.g., Battayav, No. 05-CV-0714 (RBW) (dkt. no. 12) (imposing 120-day schedule); Al-Joudi, No. 05-CV-0301 (GK) (dkt. no. 26) (imposing 90-day schedule); Al-Wazan, No. 05-CV-0329 (PLF) (dkt. no. 37) (imposing 90-day schedule); Al-Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing 120-day schedule); Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Qayed, No. 05-CV-0454 (RMU) (dkt. no. 5) (imposing 90-day schedule).

## <u>CONCLUSION</u>

For these reasons, the Court should stay further proceedings in this case, except as noted above, pending resolution of the appeals of Judge Leon's decision in <u>Khalid</u> and <u>Boumediene</u> and Judge Green's January 31, 2005 decision in <u>In re Guantanamo Detainee Cases</u>.  A proposed order is attached.

Dated: December 22, 2005               Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

_/s/ Preeya M. Noronha_
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents