IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH WAZIR ZADRAN, *et al.*, ) | |
| ) | |
| Petitioners/Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-02367 (RWR) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| Respondents/Defendants. ) | |
| _____) | |

PETITIONERS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF A PRESERVATION ORDER

Petitioners Abdullah Wazir Zadran, through his next friend Zahir Shah; Abdul Haq, through his next friend, Abdul Barri; Mohammad Wabi Umari, through his next friend Gul Hyat Khan; Abdullah Mujahid Haq, by his next friend Farid Ahmed; Mohammad Rahim, through his next friend Mohammad Karim; Mohammad Zahir, through his next friend Abdul Wahab; Ghulam Roohani, through his next friend Ghulam Jeelani; Dr. Hiyatullah, through his next friend Dr. Abdul Zahir; and Chaman Gul Khialigol, through his next friend Honorgol Khialigol, respectfully move in this habeas corpus proceeding for entry of an order preserving all evidence that is in the possession, custody, or control of the Respondents now or in the future and that relates to any of the individual Petitioners or to the claims set forth in their Petition filed December 9, 2005. Petitioners are foreign nationals who are being held in the custody of the United States at Guantanamo Bay Naval Station. Each challenges the legality of his detention.

The Supreme Court's 1969 decision in *Harris v. Nelson* established that the Federal Rules of Civil Procedure and the obligations flowing from them do not automatically apply to federal habeas corpus proceedings. 394 U.S. 286, 294 n.5, 298-99. In particular, the

preservation-of-evidence obligations inherent in the discovery provisions of the Federal Rules of Civil Procedure may not all apply to a litigant in a habeas proceeding. An express order from the Court is advisable to ensure that those obligations are in place. In this matter, the first of what may be a succession of motions to stay or delay the proceedings has already been filed, and an order from the Court is necessary to ensure that the status quo is preserved. An order to preserve evidence would make it wholly clear from the outset of this case that when a hearing on the merits finally occurs, all relevant evidence is to be available so that the proceeding can be full and fair.

>The Court has the authority to issue such an order. As this Court has held,
>
>> Harris v. Nelson also makes clear that a district court's authority to issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-finding obligations in habeas corpus proceedings is intended to be flexible and should be exercised as the circumstances require for a proper and just disposition.
>
> *Slahi v. Bush*, No. 05-881 (RWR), Order of July 18, 2005 at 3, Declaration of Rebecca P. Dick ("Dick Decl."), Ex. A. The Court's power of inquiry in a federal habeas corpus action is plenary, and the Court is empowered to issue any order appropriate to ensure the fairness of the proceeding.

Most of the documents relevant to Petitioners' claims are in the sole custody and control of respondents. Failure to preserve the documents, whether intentionally or through neglect, would substantially impair Petitioners' ability to prosecute their claims. Moreover, a preservation order should not unreasonably burden Respondents. *Abdah v. Bush*, No. 04-1254 (HHK) at 2, Order of June 10, 2005, Dick Decl., Ex. B.

For all of the reasons described, preservation orders have been entered in numerous other habeas corpus proceedings now pending in this Court. *See, e.g., id.*; *Slahi v. Bush*, No. 05-881

2

(RWR), Order of July 18, 2005, Dick Decl., Ex. A; *Al-Shiry v. Bush*, No. 05-0490 (PLF), Order of March 23, 2005, Dick Decl., Ex. C; *Al-Marri v. Bush*, No. 04-2035 (GK), Order of March 7, 2005), Dick Decl., Ex. D.

The preservation order should cover all materials, wherever located, relating to: (1) any of the individual Petitioners; (2) any of their petitions for writs of habeas corpus, including but not limited to materials relating to the torture, mistreatment, or abuse of detainees at Guantanamo Bay Naval Station; or (3) any of the other claims made by Petitioners in their December 9, 2005, petitions. While the third category of evidence is also subject to the preservation obligations that flow from the Federal Rules of Civil Procedure, for administrative efficiency, consistency, and the removal of any doubt as to Respondents' obligations with respect to particular items of evidence, this category should be included in the preservation order. Absent a preservation order in this case, the ability of the Court to make a full and fair determination of the relevant facts may be lost through a failure to protect and preserve relevant evidence.

Dated: January 3, 2006

Respectfully submitted,

DECHERT LLP
*Counsel for Petitioners*

By: /s/ Rebecca P. Dick
Rebecca P. Dick (D.C. Bar 463197)
R. Michael Smith (D.C. Bar 372654)
1775 Eye St., N.W.
Washington, D.C. 20006
Tel: 202.261.3300
Fax: 202.261.3333

Daniel C. Malone
30 Rockefeller Plaza

George G. Gordon
Peter M. Ryan

3

New York, New York  10112
212.698.3500

Juliet Sarkessian
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel:  215.994.4000
Fax:  215.994.2222

4