Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHMOAD ABDAH, et al.,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Respondents. | Civil Action 04-1254 (HHK) |

## ORDER

On January 10, 2005, petitioners filed a Motion for Leave to Take Discovery and For Preservation Order [#96]. On February 3, 2005, the court (Green, J.) ordered that the proceedings in this and ten other coordinated cases be "stayed for all purposes pending resolution of all appeals in this matter." To the extent that petitioners seek to take discovery, their motion must be stayed in accordance with Judge Green's order.

Petitioners also seek a preservation order, which they argue is necessary to ensure that the government will maintain "the very sensitive evidence it now possesses about the torture, mistreatment, and abuse of the detainees now at Guantánamo." Pet'rs' Mot. for Disc./Protective Order at 8-9. Respondents counter that petitioners have failed to satisfy the four-part preliminary injunction standard, which they assert is required for entry of a protective order; that petitioners have not identified specific documents at risk for destruction; and that respondents are "well aware of their obligation not to destroy evidence that may be relevant in pending litigation." Resp'ts' Opp'n at 25.

While preservation orders take the form of an injunction, in that they order a party to perform or refrain from performing an act, petitioners need not meet the four-part preliminary injunction test in order to protect relevant documents from destruction. In fact, "a document preservation order is

no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery." *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 n.8 (Fed. Cl. 2004) (citing *Mercer v. Magnant*, 40 F.3d 893, 896 (7th Cir. 1994)); *see also Ditlow v. Shultz*, 517 F.2d 166, 173-74, n.31 (D.C. Cir. 1975) (preservation order issued when moving party presented "sufficiently substantial" challenge on the merits, non-moving party agreed to maintain documents at issue, and preservation of documents presented only a "limited housekeeping burden").

Furthermore, in this case, all of the documents relevant to the adjudication of petitioners' claims, along with petitioner-detainees themselves, are in the sole custody and control of respondents. In addition, petitioners' counsel's access to their clients is quite restricted. It is almost inconceivable that within these confines, petitioners could identify specific instances of document destruction. Rather, the court finds entry of a preservation order appropriate in light of the purpose animating Judge Green's February 3, 2005 stay order, namely to preserve the status quo pending resolution of appeals. Finally, because respondents represent that they will not destroy the information at issue, a preservation order will not impose any harm or prejudice upon them. *See Al-Marri v. Bush*, No. 04-2035 (D.D.C. March 7, 2005) (preservation order). Accordingly, it is this 10th day of June, 2005, hereby

**ORDERED**, that petitioners' motion is **STAYED** insofar as petitioners seek discovery and **GRANTED** insofar as they seek a preservation order; and it is further

**ORDERED**, that respondents shall preserve and maintain all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the United States Naval Base at Guantánamo Bay, Cuba.

Henry H. Kennedy, Jr.
United States District Judge