Exhibit C

Case 1:05-cv-02367-UNA    Document 9-6    Filed 01/03/2006    Page 1 of 5

Westlaw.

Not Reported in F.Supp.2d                                                                                         Page 1

Not Reported in F.Supp.2d, 2002 WL 31628219 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
STATE OF NEW YORK, et al., Plaintiffs
v.
MICROSOFT CORPORATION, Defendant.
No. Civ.A. 98-1233 CKK.

Nov. 18, 2002.

ORDER

KOLLAR-KOTELLY, J.
*1 Presently pending before the Court is the California Plaintiffs' Motion for Leave to Intervene and to Clarify or Modify the Protective Order and Defendant Microsoft's partial opposition thereto. In its partial opposition, Microsoft "does not object in principle to a modification of the Protective Order," but raises the concern that various third-parties who produced documents in conjunction with the remedy phase of this proceeding would not have an opportunity to be heard on the issue. Microsoft Partial Opp'n. at 1. In response to the concerns raised in Microsoft's partial opposition and pursuant to Court order, the California Plaintiffs sought and obtained some form of consent to their proposed intervention and modification of the Protective Order in this case from nearly all of the various third-parties affected by the proposed modification.
FN1

 FN1. California Plaintiffs in their September 10, 2002 Supplemental Reply Brief provide the Court with a chart listing the responses of various third parties to the proposed revision of the protective order. This Court on September 24, 2002 ordered that parties "unable to reach an agreement with the California Plaintiffs regarding modification of the Protective Order in this case, ... shall file ... brief memoranda specifying the basis for their objections." *State of New York v. Microsoft Corp.,* No. 98-1233 (D.D.C. Sept. 24, 2002). Only Dell Computer Corporation and Gateway, Incorporated ("Gateway") filed such objections. Gateway's position on the proposed modification was not presented in the California Plaintiffs' filings. The Court takes notice of these objections and does not include these two non-parties in this order. The Court interprets the silence of the other non-parties as a concession to the California Plaintiffs' request for access. The Court continues to urge these third-parties to reach an amicable resolution regarding the provision of access to documents by the California Plaintiffs.

Having resolved Microsoft's primary objection, the Court addresses Microsoft's two remaining objections to the modification proposed by the California Plaintiffs. Microsoft first objects that only "relevant" information should be provided to the California Plaintiffs. The California Plaintiffs maintain that the information requested is relevant. Microsoft's objection places this Court in the difficult position of determining whether documents produced during discovery in this action are relevant to the California proceeding presently pending in the Superior Court of the State of California for the City and County of San Francisco. While the California Plaintiffs' request for modification is properly directed at the issuing Court, this Court need not make the determination of relevance the California Plaintiffs seek. This Court may modify the protective order, with the consent of the affected third parties, so as to remove the first obstacle presently preventing access to certain documents. If, however, Microsoft desires to seek further protection from access to those documents on relevance grounds, that is an obstacle which must be removed by another court. Said

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                     Page 2
Not Reported in F.Supp.2d, 2002 WL 31628219 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

otherwise, Microsoft's relevance arguments are properly addressed to the court presiding over the litigation for which the documents are sought. Therefore, the Court determines to modify the Protective Order in this case so as to authorize access to documents produced by third-parties during these proceedings, but declines to determine if, once access is no longer hindered by the Protective Order in this case, such access may be barred on grounds of relevancy. That relevancy determination rests with another court.

Microsoft also objects to the modification of the Protective Order unless Microsoft's in-house counsel is provided access to the documents produced to the California Plaintiffs. The order pursuant to which the relevant third-parties produced materials to Microsoft provided that for information designated as "Highly Confidential," Microsoft's in-house counsel would not be permitted access. Microsoft proposes to modify the status quo based upon its notion of "fundamental fairness." Microsoft Partial Opp'n. at 12.

*2 While undoubtedly Microsoft's in-house counsel are significant members of its litigation team, the Court disagrees that the notion of "fundamental fairness" demands this substantial alteration of the terms of the Protective Order. The relevant third parties produced sensitive documents pursuant to the belief that Microsoft's in-house counsel would not have access to such documents. The vast majority of these third parties have consented to some modification of the Protective Order, as proposed by the California Plaintiffs. The Court would regard the belated provision of access to information to Microsoft's in-house counsel as fundamentally unfair to those parties who produced information *in reliance* on the fact that Microsoft's in-house counsel would not have access. The Court further rejects as wholly unsupported Microsoft's bold contention that the denial of access to in-house counsel, while other counsel of record had access to the very limited group of documents designated as "Highly Confidential," would "prejudice Microsoft's ability to defend itself" against the California Plaintiffs. *Id.* Accordingly, the Court shall deny Microsoft's request to provide in-house counsel with access to any "Highly Confidential"

information provided to the California Plaintiffs.

Based on the foregoing, it is this 18th day of November, 2002, hereby

ORDERED that the Motion of the California Plaintiffs in the action *Lingo v. Microsoft Corp.* Coordination Proceedings Special Title (Rule 1550(b)), J.C.C.P. No. 4106 (San Francisco Super. Ct.) for Leave to Intervene is GRANTED for the limited purpose of this Order; and it is further

ORDERED that effective upon entry of this Order, the Stipulation and Protective Order ("Protective Order") filed May 27, 1998 by this Court, and re-entered on September 28, 2001, is modified to permit access by outside counsel for the California Plaintiffs to certain documents and other materials listed below that had been designated as either "Confidential" or "Highly Confidential" in this action pursuant to the terms of the Protective Order, solely for use in the proceedings in which access to "Confidential" or "Highly Confidential" documents is permitted by the protective order entered in the California Proceeding on April 20, 2000. Access to and use of the materials otherwise shall be governed by the terms of the Protective Order, including but not limited to all restrictions set forth in the Protective Order regarding access to the materials by counsel for the California Plaintiffs and Microsoft and by other individuals, with the exception that certain additional modifications, as set forth below, shall apply as to particular non-parties.

It is further ORDERED that
1. Under the terms and conditions described herein, the California Plaintiffs will have the use of, and access to, materials produced in the Remedies Proceeding by certain non-parties, as described below.
2. With respect to Acer America Corporation; Andrew Appel/Princeton University Department of Computer Science; Apple Computer, Inc.; Applied Systems, Inc.; Association for Competitive Technology; August Capital; Autodesk, Inc.; Jim Barksdale and The Barksdale Group; Best Buy; Charter Communications; Compaq Computer Corporation; Computer & Communications

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2002 WL 31628219 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

Industry Association of America; Citizens Against Government Waste; Eastman Kodak Company; eMachines, Inc.; Fujitsu America, Inc.; IBM Corporation; Intel Corporation; Liberate Technologies, Corporation; Onyx Software Corporation; Opus-i, Inc.; Oracle Corporation; Qwest Communications, Inc.; RealNetworks, Inc.; Red Hat, Inc.; Samsung Electronics America, Inc.; Silicon Graphics, Inc.; The Software and Information Association; Steven D. McGeady; Sun Microsystems, Inc.; Toshiba America, Inc.; Unisys Corporation; Videobanner.com; Waggener Edstrom; Weber Shandwick; and Yahoo!, Inc., Microsoft will produce all documents, testimony, proposed and actual exhibits, and pleadings.

*3 3. With respect to Advanced Micro Devices, Inc., Progress and Freedom Foundation, and MusicMatch, the California Plaintiffs reached agreements such that none of their documents, testimony, proposed and actual exhibits, and pleadings will be produced.

4. With respect to Avanade, Inc.; The Project to Promote Competition in the Digital Age ("Procomp"); NEC America, Inc.; SBC, Inc., the non-parties will produce all documents, testimony, proposed and actual exhibits, and pleadings that include: (1) all proposed and actual trial exhibits; and (2) all sealed deposition or trial testimony related to (a) operating systems for a PC, (b) word processing software, (c) spreadsheet software, or (d) middleware, excluding testimony on set top television boxes, voice recognition software, digital imaging software or internet access provider agreements. With respect to SBC, it will produce certain documents in redacted form, pursuant to an agreement between SBC and the California Plaintiffs.

5. With respect to NEC USA, Inc. and its affiliates NEC Systems, Inc., NEC Technologies, Inc. and NEC Solutions, Inc. (collectively "NEC"), Microsoft will produce (1) proposed and actual trial exhibits; and (2) deposition or trial testimony of NEC representatives.

6. With respect to Sony Corporation of America, Microsoft will produce Sony Corporation's proposed and actual trial exhibits. The California Plaintiffs will provide counsel for Sony Corporation of America with the production numbers of Sony's proposed and actual trial exhibits produced by Microsoft.

7. With respect to America Online, Inc. ("AOL"), Microsoft will produce the approximately 1,400 pages of documents (MDL bates number AOL0004223-AOL 0005657), which were previously produced by AOL: (a) in response to Microsoft's June 15, 2001 subpoena to AOL in MDL 1332; and (b) in the remedy phase of *State of New York, et al. v. Microsoft Corporation*, Civil Action No. 98-1233(CKK) (the "Remedies Proceeding"). AOL will produce the following categories of documents: (1) Other documents produced by AOL in the Remedies Proceeding that fall within the negotiated scope of Microsoft's June 15, 2001 subpoena to AOL in MDL 1332, irrespective of date; (2) Documents produced by AOL in the Remedies Proceeding that relate to meetings with Microsoft regarding productivity suites, individual productivity applications, or Microsoft operating systems; (3) Documents produced by AOL in the Remedies Proceeding that either relate to the ability to compete with Microsoft in the distribution of browser software or discuss browser competition from Microsoft or any other company; and (4) Documents produced by AOL in the Remedies Proceeding that relate to meetings with other software or hardware companies in which competition with Microsoft was discussed.

8. With respect to Hewlett Packard Company ("HP"), Microsoft will produce: (1) HP documents designated by the States as potential trial exhibits (States' trial exhibits nos. 310, 1151, and 1127); (2) HP documents designated by Microsoft as potential trial exhibits (DX 399-413); (3) HP documents marked as deposition exhibits in the Remedies Proceeding; and (4) HP documents admitted in evidence in the Remedies Proceeding.

*4 9. The materials described above that had been produced in this action by Novell, Inc. ("Novell") include certain pages of documents that had been introduced and/or placed under seal and which Novell contends are not relevant to the California proceeding. Novell will produce to counsel for the California Plaintiffs those pages of the documents in redacted form. To the extent that the California Plaintiffs desire all or a portion of those pages in unredacted form, they will so notify Novell. Novell will have 10 days from the date of receipt of such notice to object before this Court to such additional

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                   Page 4
Not Reported in F.Supp.2d, 2002 WL 31628219 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

access to those pages by counsel for the California Plaintiffs.

10. With respect to Palm, Inc. ("Palm"), Palm will produce materials to update its prior production to the MDL and California Plaintiffs by searching the documents it produced in the Remedies Proceeding. The contours of Palm's updated search will be governed by the nine categories agreed upon among the MDL and California Plaintiffs, Microsoft and Palm.

11. Notwithstanding the foregoing, to the extent that Microsoft objects on relevance grounds to its own production of documents described herein as discovery in the California proceeding, nothing in this Order shall prevent Microsoft from seeking relief from the Court presiding over the California proceedings from the requested production of documents addressed by this Order. This Order serves only to make clear that the Protective Order entered in the above-captioned case has been modified by this Order such that it shall not further serve to prevent Microsoft from providing the California Plaintiffs with access to and use of the documents described above and pursuant to the terms described above.

SO ORDERED.

D.D.C.,2002.
State of New York v. Microsoft Corp.
Not Reported in F.Supp.2d, 2002 WL 31628219 (D.D.C.)

Briefs and Other Related Documents (Back to top)

• 2002 WL 32153577 (Trial Filing) Executive Summary (Nov. 01, 2002)
• 2002 WL 32153432 (Trial Pleading) Complaint (Jan. 22, 2002)
• 2001 WL 34133944 (Verdict, Agreement and Settlement) Competitive Impact Statement (Nov. 15, 2001)
• 2001 WL 34133964 () (Nov. 02, 2001)
• 1998 WL 34201980 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Joint Response to Microsoft's Motion for Summary Judgment and Reply in Support of Motions for Preliminary Injunction (Aug. 31, 1998)
• 1998 WL 34201988 (Trial Motion, Memorandum and Affidavit) Defendant Microsoft Corporation's Memorandum in Support of its Motion for Summary Judgment (Aug. 10, 1998)
• 1998 WL 34201977 (Trial Motion, Memorandum and Affidavit) Defendant's Motion for an Enlargement of Time to Respond to Plaintiffs' Motion for a Preliminary Injunction and for Entry of a Scheduling Order Providing Defendant with Adequate Time to Conduct Discovery Before Filing its Response (May. 21, 1998)
• 1:98CV01233 (Docket) (May. 18, 1998)
• 1998 WL 34097594 () (1998)
• 1998 WL 34097596 (Verdict, Agreement and Settlement) Final Judgment (1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.