Exhibit D

Not Reported in F.Supp.2d, 2001 WL 194928 (D.D.C.)

Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Laura J. PERKINS, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. CIV. A. 99-3031 AK.
Feb. 21, 2001.

Nicholas S. Mcconnell, Jackson & Campbell, P.C., Washington, D.C., for the plaintiff.
Wilma A. Lewis, DC Bar # 358637, United States Attorney, Mark E. Nagle, D.C. Bar # 445719, Assistant United States Attorney, Jane M. Lyons, D.C. Bar # 451737, Assistant United States Attorney, Washington, D.C., for the defendant.

## STIPULATED **PROTECTIVE ORDER**

KAY, Magistrate J.
***1** Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated as protected shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 3 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.
1. Either party to this litigation may initially designate as "protected" any material provided hereunder if it is deemed in good faith to constitute Privacy Act protected information or an otherwise unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.
2. In designating material as protected, the party so designating it shall identify the protected material with specificity. Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party, through counsel, may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.
3. Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:
(a) Protected material shall be used solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than (i) current **outside counsel** for plaintiff, such counsel's firm and its employees, and outside consultants retained by plaintiff to assist such counsel specifically for purposes of this litigation; and (ii) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense of this case or outside consultants retained by the defendant.
(b) It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.
(c) No document (including motions, briefs, and exhibits) containing protected material, or a discussion of protected material, shall be filed with the Clerk of the Court unless filed separately under seal in an envelope with a legend on the envelope and document substantially as follows: This [envelope/document] contains *protected material.* Disclosure or use of such material is restricted. This material is filed under seal.
***2** Such documents shall be filed under seal and maintained under seal by the Court. No one other than persons specifically authorized in subparagraph (a) of paragraph 3 hereof shall have access to

such material. Within three business days after the filing of any such document under seal, the party who filed the document shall serve on counsel for the other party a copy of such document from which the protected material has been deleted unless such document has previously been produced to the other party. Counsel for the other party shall then have three business days to review the redacted copy of the document to determine whether or not they agree with the proposed deletions. At the conclusion of that review period the redacted copy shall be filed on the public record unless an objection has been made by one of the other parties. In the event of an objection that counsel are unable to resolve informally either party, through counsel, may submit the dispute to the Court for resolution. The document in question shall be filed on the public record containing the material as to which there is no dispute pending resolution of the matter by the Court.

(d) Except when required for submission to the Court, no more than two copies shall be made of any material that is subject to this order. All such copies shall be clearly labeled as containing protected material and are to be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's **outside counsel** or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

(e) Counsel shall endeavor to avoid the use of protected material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

4. Counsel shall promptly report any breach of the provisions of this order to the Court and to counsel for the party whose protected material was divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court or by the party whose protected material was divulged or compromised.

5. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

*3 6. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein or in the Privacy Act shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

7. Nothing contained herein shall be construed as a waiver of either party's objections to another party's request that it be permitted to disclose protected information to its employees and/or employees of subsidiary or affiliated companies.

APPROVED AND SO ORDERED.

D.D.C.,2001.

Perkins v. U.S.

Not Reported in F.Supp.2d, 2001 WL 194928 (D.D.C.)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.