Exhibit L

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| | )    **Civil Action Nos.** |
| | )    **02-CV-0299 (CKK), 02-CV-0828 (CKK),** |
| | )    **02-CV-1130 (CKK), 04-CV-1135 (ESH),** |
| | )    **04-CV-1136 (JDB), 04-CV-1137 (RMC),** |
| *In re* **Guantanamo Detainee Cases** | )    **04-CV-1142 (RJL), 04-CV-1144 (RWR),** |
| | )    **04-CV-1164 (RBW), 04-CV-1166 (RJL),** |
| | )    **04-CV-1194 (HHK), 04-CV-1227 (RBW),** |
| | )    **04-CV-1254 (HHK), 04-CV-1519 (JR)** |
| | ) |

**ORDER SETTING FINAL DEADLINE FOR SUBMISSION OF FACTUAL RETURNS**

Following two status conferences before the Court during the week of August 23, 2004,
counsel for respondents submitted a letter dated August 31, 2004 setting forth a proposed
schedule for the filing of factual returns in these coordinated cases. The returns were to provide
detailed factual bases for the government's detention of the petitioners seeking habeas relief in
this jurisdiction. Under the respondents' proposed schedule, all returns were to be filed for
petitioners in the pending cases before the end of the week commencing October 18, 2004. The
Court approved the respondents' proposed schedule and incorporated the deadline in a
scheduling order dated September 20, 2004. As of this date, respondents have yet to file the
required returns for seven petitioners. Those petitioners are: Omar Rajab Amin (in Al Odah v.
United States, 02-CV-0828 (CKK)), Moazzam Begg (in Begg v. Bush, 04-CV-1137 (RMC)),
Martin Mubanga (in El-Banna v. Bush, 04-CV-1144 (RWR)), Mohammed Nechla and Hadj
Boudella (in Boumediene v. Bush, 04-CV-1166 (RJL)), and Abdullah Majed Sayyah Hasan
Alnoaimi and Salman Bin Ibrahim Bin Mohammed Bin Ali Al-Khalifa (in Almurbati v. Bush,

04-CV-1227 (RBW)).[1]

Respondents filed a status report on October 22, 2004 explaining why factual returns have not been filed for the above mentioned petitioners. In all seven instances, respondents explained that they have not yet filed the returns because they have not been able to complete Combatant Status Review Tribunal ("CSRT") proceedings for those petitioners. Specifically, respondents claim that the delays have occurred as a result of the petitioners' requests for the production of witnesses and documents that the petitioners presumably believe would help them refute the government's charges in the CSRT proceedings that they are enemy combatants.

On the same date as the filing of the respondents' status report regarding factual returns, counsel for petitioner Martin Mubanga in the El-Banna case filed a motion to compel respondents to file an immediate reply to Mr. Mubanga's petition for writ of habeas corpus or in the alternative for issuance of the writ itself. Citing 28 U.S.C. § 2243 and previous orders issued in El-Banna, counsel claims that respondents have no legal right to refuse to respond to the petition pending the completion of CSRT proceedings, which commenced long after the petitioner was detained in Africa and incarcerated at the Guantanamo Bay Naval Base.

The Court is aware that respondents have sought to dismiss the petitions for writ of habeas corpus of Martin Mubanga and the other detainees based in part on the argument that the CSRT proceedings provide more than sufficient due process to allow the government's continued

---

[1] In an Order dated October 4, 2004, the Court clarified that respondents were not required to file a factual return addressing the detention of Salim Ahmed Hamdan in Hamdan v. Rumsfeld, 04-CV-1519 (JR) given the unique circumstances of that case. In addition, although a petition was filed on behalf of an alleged detainee named Aref Abd Il Rheem in Abdah v. Bush, 04-CV-1254 (HHK), respondents have stated that they have been unable to identify him as a detainee at Guantanamo Bay and counsel for the petitioners in that case have not raised any objection relating to that statement.

2

custody of the petitioners. The Court expects, however, that the petitioners will challenge respondents' position when they file their responses to the motion to dismiss. Those responses are not due until November 5, 2004 and, therefore, the issue regarding the alleged appropriateness and sufficiency of the CSRT proceedings is not yet ready for judicial resolution in most of these cases.[2]

Notwithstanding pending issues concerning the appropriateness and sufficiency of the CSRT proceedings, and without prejudice to the future resolution of those issues, the reasons cited by respondents in their October 22, 2004 status report do not justify the respondents' failure to comply with this Court's September 20, 2004 Order requiring factual returns to be submitted by the end of the week commencing October 18, 2004. Most, if not all, of the petitioners who have not yet received factual returns were initially detained nearly three years ago and have remained in custody since that time. Respondents must be able to provide forthwith the factual bases for the initial detention and continued custody without waiting for the production of the evidence referenced in the respondents' status report. According to the respondents' own representations, that evidence is being sought by the petitioners themselves in support of their efforts to establish that they are not enemy combatants. It is therefore unlikely that the respondents will rely on such evidence to justify the detention of the petitioners. More importantly, if such evidence is not yet in the possession of the respondents, it could not have formed the basis for respondents' continued custody of the petitioners and is therefore unnecessary for the filing of factual returns in opposition to the petitioners' claims that they are

---

[2] The issues concerning the validity of the CSRT proceedings has been fully briefed in one of these cases. The petitioners in Al Odah filed their reply to the government's motion to dismiss on October 20, 2004 and the respondents filed a reply thereto on October 27, 2004.

3

being held unlawfully.

Accordingly, and for the foregoing reasons, it is hereby

ORDERED that respondents shall file on or before November 3, 2004 factual returns for

the following petitioners:

Omar Rajab Amin (Al Odah v. United States, 02-CV-0828 (CKK)),

Moazzam Begg (Begg v. Bush, 04-CV-1137 (RMC)),

Martin Mubanga (El-Banna v. Bush, 04-CV-1144 (RWR)),

Mohammed Nechla (Boumediene v. Bush, 04-CV-1166 (RJL)),

Hadj Boudella (Boumediene v. Bush, 04-CV-1166 (RJL)),

Abdullah Majed Sayyah Hasan Alnoaimi  (Almurbati v. Bush, 04-CV-1227 (RBW)), and

Salman Bin Ibrahim Bin Mohammed Bin Ali Al-Khalifa (Almurbati v. Bush, 04-CV-1227 (RBW)).

There shall be no further extensions.

IT IS SO ORDERED.

October 29, 2004                          _____/s/_____
                                          JOYCE HENS GREEN
                                          United States District Judge

4