Exhibit E

2 of 5 DOCUMENTS

Copyright 2005 The New York Times Company
The New York Times

March 12, 2005 Saturday
Late Edition - Final

**SECTION:** Section A; Column 5; Foreign Desk; Pg. 1

**LENGTH:** 1216 words

**HEADLINE:** Army Details Scale of Abuse In Afghan Jail

**BYLINE:** By DOUGLAS JEHL

**DATELINE:** WASHINGTON, March 11

**BODY:**

Two Afghan prisoners who died in American custody in Afghanistan in December 2002 were chained to the ceiling, kicked and beaten by American soldiers in sustained assaults that caused their deaths, according to Army criminal investigative reports that have not yet been made public.

One soldier, Pfc. Willie V. Brand, was charged with manslaughter in a closed hearing last month in Texas in connection with one of the deaths, another Army document shows. Private Brand, who acknowledged striking a detainee named Dilawar 37 times, was accused of having maimed and killed him over a five-day period by "destroying his leg muscle tissue with repeated unlawful knee strikes."

The attacks on Mr. Dilawar were so severe that "even if he had survived, both legs would have had to be amputated," the Army report said, citing a medical examiner.

The reports, obtained by Human Rights Watch, provide the first official account of events that led to the deaths of the detainees, Mullah Habibullah and Mr. Dilawar, at the Bagram Control Point, about 40 miles north of Kabul. The deaths took place nearly a year before the abuses at Abu Ghraib prison in Iraq.

Among those implicated in the killings at Bagram were members of Company A of the 519th Military Intelligence Battalion, from Fort Bragg, N.C. The battalion went on to Iraq, where some members established the interrogation unit at Abu Ghraib and have been implicated in some abuses there.

The reports, from the Army Criminal Investigation Command, also make clear that the abuse at Bagram went far beyond the two killings. Among those recommended for prosecution is an Army military interrogator from the 519th Battalion who is said to have "placed his penis along the face" of one Afghan detainee and later to have "simulated anally sodomizing him (over his clothes)."

The Army reports cited "credible information" that four military interrogators assaulted Mr. Dilawar and another Afghan prisoner with "kicks to the groin and leg, shoving or slamming him into walls/table, forcing the detainee to maintain painful, contorted body positions during interview and forcing water into his mouth until he could not breathe."

American military officials in Afghanistan initially said the deaths of Mr. Habibullah, in an isolation cell on Dec. 4, 2002, and Mr. Dilawar, in another such cell six days later, were from natural causes. Lt. Gen. Daniel K. McNeill, the American commander of allied forces in Afghanistan at the time, denied then that prisoners had been chained to the ceiling or that conditions at Bagram endangered the lives of prisoners.

Page 2

The New York Times March 12, 2005 Saturday

But after an investigation by The New York Times, the Army acknowledged that the deaths were homicides. Last fall, Army investigators implicated 28 soldiers and reservists and recommended that they face criminal charges, including negligent homicide.

But so far only Private Brand, a military policeman from the 377th Military Police Company, an Army Reserve unit based in Cincinnati, and Sgt. James P. Boland, from the same unit, have been charged.

The charges against Sergeant Boland for assault and other crimes were announced last summer, and those against Private Brand are spelled out in Army charge sheets from hearings on Jan. 4 and Feb. 3 in Fort Bliss, Tex.

The names of other officers and soldiers liable to criminal charges had not previously been made public.

But among those mentioned in the new reports is Capt. Carolyn A. Wood, the chief military intelligence officer at Bagram. The reports conclude that Captain Wood lied to investigators by saying that shackling prisoners in standing positions was intended to protect interrogators from harm. In fact, the report says, the technique was used to inflict pain and sleep deprivation.

An Army report dated June 1, 2004, about Mr. Habibullah's death identifies Capt. Christopher Beiring of the 377th Military Police Company as having been "culpably inefficient in the performance of his duties, which allowed a number of his soldiers to mistreat detainees, ultimately leading to Habibullah's death, thus constituting negligent homicide."

Captain Wood, who commanded Company A in Afghanistan, later helped to establish the interrogation and debriefing center at Abu Ghraib. Two Defense Department reports have said that a list of interrogation procedures she drew up there, which went beyond those approved by Army commanders, may have contributed to abuses at Abu Ghraib.

Past efforts to contact Captain Wood, Captain Beiring and Sergeant Boland, who were mentioned in passing in earlier reports, and to learn the identity of their lawyers, have been unsuccessful. All have been named in previous Pentagon reports and news accounts about the incidents in Afghanistan; none have commented publicly. The name of Private Brand's lawyer did not appear on the Army charge sheet, and military officials said neither the soldier nor the lawyer would likely comment.

John Sifton, a researcher on Afghanistan for Human Rights Watch, said the documents substantiated the group's own investigations showing that beatings and stress positions were widely used, and that "far from a few isolated cases, abuse at sites in Afghanistan was common in 2002, the rule more than the exception."

"Human Rights Watch has previously documented, through interviews with former detainees, that scores of other detainees were beaten at Bagram and Kandahar bases from early 2002 on," Mr. Sifton said in an e-mail message.

In his own report, made public this week, Vice Adm. Albert T. Church III cited the deaths of Mr. Habibullah and Mr. Dilawar as examples of abuse that had occurred during interrogations. Admiral Church said his review of the Army investigation had found that the abuse "was unrelated to approved interrogation techniques."

But Admiral Church also said there were indications in both cases "that medical personnel may have attempted to misrepresent the circumstances of the death, possibly in an effort to disguise detainee abuse," and noted that the Army's surgeon general was reviewing "the specific medical handling" of those cases and one other.

The most specific previous description of the cause of deaths of the two men had come from Pentagon officials, who said last fall that both had suffered "blunt force trauma to the legs," and that investigators had determined that they had been beaten by "multiple soldiers" who, for the most part, had used their knees. Pentagon officials said at the time that it was likely that the beatings had been confined to the legs of the detainees so the injuries would be less visible.

Both men had been chained to the ceiling, one at the waist and one by the wrists, although their feet remained on the ground. Both men had been captured by Afghan forces and turned over to the American military for interrogation.

Mr. Habibullah, a brother of a former Taliban commander, died of a pulmonary embolism apparently caused by blood clots formed in his legs from the beatings, according to the report of June 1, 2004. Mr. Dilawar, who suffered from a heart condition, is described in an Army report dated July 6, 2004, as having died from "blunt force trauma to the lower extremities complicating coronary artery disease."

URL: http://www.nytimes.com