Exhibit I

Collecting in Alphabetical Order
Non-Injunctive Orders Requiring
30 Days' Advance Notice of Transfer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALEEM MUHOOD ADEM,                    )
                                       )
        Petitioner,                    )
                                       )
        v.                             )       Civil Action No. 05-723 (RWR)
                                       )
GEORGE W. BUSH et al.,                 )
                                       )
        Respondents.                   )
                                       )

MEMORANDUM ORDER

Petitioner Saleem Muhood Adem seeks a writ of habeas corpus, challenging the legality of his detention by the United States at Guantanamo Bay Naval Base, Cuba.  Respondents moved for a stay of proceedings [Dkt. # 4] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C. Cir. March 10, 2005).  Petitioners' opposition to the stay [Dkt. # 7] and a separate motion [Dkt. # 3] request, among other things, that petitioner not be removed or transferred from Guantanamo Bay without 30 days' prior notice to his counsel and that a factual return setting forth the basis for petitioner's detention be timely filed.

-2-

A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to maintain the status quo between the parties). A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also, City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v.

-3-

Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C.

2003) (conditioning stay pending appeal on party seeking an

expedited appeal).  Where, as here, the condition imposed on the

proponent of the stay is "neither heavy nor unexpected," imposing

a protective condition is well within a court's discretion.

Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas

Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have

little doubt that . . . [a court] may fashion an equitable remedy

to avoid placing one party at a severe disadvantage during the

period of litigation")).

        Therefore, here

        the court will "guard against depriving the processes
        of justice of their suppleness of adaptation to varying
        conditions."  Landis v. North American Co., 299 U.S.
        248, 256 (1936).  Coextensive with a district court's
        inherent power to stay proceedings is the power to
        craft a stay that balances the hardships to the
        parties.  Id. at 255 (noting concern regarding a stay
        causing "even a fair possibility . . . [of] damage to
        some one else."); see also Clinton v. Jones, 520 U.S.
        681, 707 (1997) (noting that "burdens [to the parties]
        are appropriate matters for the District Court to
        evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

        ORDERED that respondents' motion for a stay [Dkt. # 4] be,

and hereby is, GRANTED in part and DENIED in part.  The

proceedings in this case are STAYED pending resolution of the

-4-

appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and counsel for petitioners thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay.  It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file within 30 days of the entry of this Order a factual return relating to the detained petitioner.

SIGNED this 6th day of June, 2005.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
OMER SAEED SALEM AL DAINI        )
et al.,                          )
                                 )
        Petitioners,             )
                                 )
        v.                       )        Civil Action No. 05-634 (RWR)
                                 )
GEORGE W. BUSH et al.,           )
                                 )
        Respondents.             )
_____ )
```

### MEMORANDUM ORDER

Petitioner Omer Saeed Salem Al Daini, through his next friend, Mohammed Saeed Salem Al Daini, seeks a writ of habeas corpus, challenging the legality of his detention by the United States at Guantanamo Bay Naval Base, Cuba. Respondents moved for a stay of proceedings [Dkt. # 3] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C. Cir. March 10, 2005). Petitioners' opposition to the stay [Dkt. # 4] requests, among other things, that petitioner not be removed or transferred from Guantanamo Bay without 30 days' prior notice to this court and counsel for petitioners, and

-2-

that a factual return setting forth the basis for petitioner's
detention be filed within 30 days.

A primary purpose of a stay pending resolution of the issues
on appeal is to preserve the status quo among the parties.
Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559
F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is
preventative or protective, and seeks to maintain the status quo
pending a final determination of issues on appeal); see Warm
Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)
(granting stay pending appeal to maintain the status quo between
the parties). A court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); see also, City of Portland, Or. v. Federal
Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir.

-3-

1967) (discussing a stay of execution of judgment conditioned

upon support payments); Center for Int'l Environmental Law v.

Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C.

2003) (conditioning stay pending appeal on party seeking an

expedited appeal). Where, as here, the condition imposed on the

proponent of the stay is "neither heavy nor unexpected," imposing

a protective condition is well within a court's discretion.

Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas

Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have

little doubt that . . . [a court] may fashion an equitable remedy

to avoid placing one party at a severe disadvantage during the

period of litigation")).

    Therefore, here

> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." Landis v. North American Co., 299 U.S.
> 248, 256 (1936). Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties. Id. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); see also Clinton v. Jones, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

-4-

ORDERED that respondents' motion for a stay [Dkt. # 3] be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in <u>In re Guantanamo Detainee Cases</u> and <u>Boumediene v. Bush et al.</u>, except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and counsel for petitioners with thirty days' written advance notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay.  It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file within 30 days of the entry of this Order a factual return relating to the detained petitioner.

-5-

SIGNED this 6th day of June, 2005.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ABDULSALAM ALI ABDULRAHMAN
AL-HELA *et al.*,                                      :
                                                      :
                        Petitioners/                  :
                        Plaintiffs,                   :
                                                      :
             v.                                       :       Civil Action No.:     05-1048 (RMU)
                                                      :
GEORGE W. BUSH *et al.*,                              :       Document Nos.:     4, 6
                                                      :
                        Respondents/                  :
                        Defendants                    :

## MEMORANDUM ORDER

### GRANTING MOTION FOR STAY;
### GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER;
### ORDERING 30 DAYS' NOTICE OF ANY INTENT TO MOVE PETITIONERS;
### DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

This matter comes before the court on the petitioners' motion for a temporary restraining

order, the parties' consent motion for entry of a protective order, and respondents' motion to stay

proceedings pending related appeals and for continued coordination.  On January 19, 2005, Judge

Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's

motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States

Naval Station at Guantanamo Bay, Cuba ("GTMO").  *Khalid v. Bush*, 355 F. Supp. 2d 311

(D.D.C. 2005).  On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo*

*Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases

consolidated for the purpose of that motion.  *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d

443 (D.D.C. 2005).  The petitioners in the above cases filed notices of appeal, and the D.C.

1

Circuit has yet to issue an opinion. Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petitions prior to the D.C. Circuit issuing a ruling that will cover similar matters. Respondents' Mot. to Stay at 1-2. The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 2.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

2

Accordingly, it is this 3rd day of June, 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**FURTHER ORDERED** that the court **ENTERS** by way of reference the protective ordered previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004); and it is

**FURTHER ORDERED** that, in light of this order, the petitioners' motion for temporary restraining order and preliminary injunction is denied without prejudice as moot.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SALEH ABDULLA AL-OSHAN *et al.*, | : | | |
| | : | | |
| Petitioners/ | : | | |
| Plaintiffs, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 05-0520 (RMU) |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | Document Nos.: | 3, 11 |
| | : | | |
| Respondents/ | : | | |
| Defendants | : | | |

## MEMORANDUM ORDER

### Granting Motion for Stay;
### Ordering 30 Days' Notice of Any Intent to Move Petitioners;
### Denying Without Prejudice Motion for Preliminary Injunction As Moot

This matter comes before the court on the respondents' motion to stay proceedings

pending related appeals and for continued coordination.  On January 19, 2005, Judge Leon issued

opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss

petitions for writ of habeas corpus brought by detainees at the United States Naval Station at

Guantanamo Bay, Cuba ("GTMO").  *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005).  On

January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part

and denying in part the government's motion to dismiss in eleven cases consolidated for the

purpose of that motion.  *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005).

The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an

opinion.  Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO

detainees is unclear.

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petition prior to the D.C. Circuit issuing a ruling that will cover similar matters. Respondents' Mot. to Stay at 1-2. The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 2.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

2

Accordingly, it is this 31st day of March, 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**FURTHER ORDERED** that the court **ENTERS** by way of reference the protective ordered previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004); and it is

**FURTHER ORDERED** that, in light of this order, the petitioners' motion for preliminary injunction is denied without prejudice as moot.

**SO ORDERED**.


RICARDO M. URBINA
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
MAJID RADHI AL TOUME AL SHAMRI      )
et al.,                             )
                                    )
        Petitioners,                )
                                    )
        v.                          )    Civil Action No. 05-551 (RWR)
                                    )
GEORGE W. BUSH et al.,              )
                                    )
        Respondents.                )
                                    )
```

**MEMORANDUM ORDER**

Petitioner Majid Radhi Al toume Al Shamri, through his next friend, Hmood Nasser Al Mutairi, seeks a writ of habeas corpus, challenging the legality of his detention by the United States at Guantanamo Bay Naval Base, Cuba. Respondents moved for a stay of proceedings [Dkt. # 4] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C. Cir. March 10, 2005). Petitioners' opposition to the stay [Dkt. # 8] requests, at a minimum, that any stay imposed be flexible enough to allow petitioner to seek interim relief when warranted, that petitioner not be removed or transferred from Guantanamo Bay absent 30 days notice to this court and counsel for petitioners,

-2-

and that a factual return setting forth the basis for Petitioner
Al Shamri's detention be filed within 30 days.

A primary purpose of a stay pending resolution of the issues
on appeal is to preserve the status quo among the parties.
Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559
F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is
preventative or protective, and seeks to maintain the status quo
pending a final determination of issues on appeal); see Warm
Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)
(granting stay pending appeal to maintain the status quo between
the parties).  A court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); see also, City of Portland, Or. v. Federal
Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination."); Scott v. Scott, 382 F.2d 461, 462 (D.C.

-3-

Cir. 1967) (discussing a stay of execution of judgment

conditioned upon support payments); Center for Int'l

Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp.

2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on

party seeking an expedited appeal).  Where, as here, the

condition imposed on the proponent of the stay is "neither heavy

nor unexpected," imposing a protective condition is well within a

court's discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting

Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970)

(stating "[w]e have little doubt that . . . [a court] may fashion

an equitable remedy to avoid placing one party at a severe

disadvantage during the period of litigation")).

        Therefore, here

        the court will "guard against depriving the processes
        of justice of their suppleness of adaptation to varying
        conditions." Landis v. North American Co., 299 U.S.
        248, 256 (1936).  Coextensive with a district court's
        inherent power to stay proceedings is the power to
        craft a stay that balances the hardships to the
        parties.  Id. at 255 (noting concern regarding a stay
        causing "even a fair possibility . . . [of] damage to
        some one else."); see also Clinton v. Jones, 520 U.S.
        681, 707 (1997) (noting that "burdens [to the parties]
        are appropriate matters for the District Court to
        evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

-4-

ORDERED that respondents' motion for a stay [Dkt. # 4] be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit, in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall not transfer or remove the detained petitioner from United States custody at Guantanamo Bay unless this court and counsel for petitioners receive thirty days' advance notice of such transfer or removal.  It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file within 30 days of the entry of this Order a factual return relating to the detained petitioner.

-5-

SIGNED this 10th day of May, 2005.


                                    _____/s/_____
                                    RICHARD W. ROBERTS
                                    United States District Judge

Westlaw.

Not Reported in F.Supp.2d                                                          Page 1
Not Reported in F.Supp.2d, 2005 WL 1384680 (D.D.C.)
**(Cite as: 2005 WL 1384680 (D.D.C.))**

C

Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
Adbul-Salam Gaithan Mureef AL-SHIRY, et al.,
Petitioners,
v.
George W. BUSH, et al., Respondents.
**No. Civ.A. 05-0490(PLF).**

April 1, 2005.

Stewart Eisenberg, Weinberg & Garber, P.C.,
William C. Newman, Lesser, Newman Souweine &
Nasser, Northampton, MA, for Petitioner.

Terry Marcus Henry, U.S. Department of Justice
Civil Division, Washington, DC, for Respondents.

*ORDER*

FRIEDMAN, J.

*1 This matter is before the Court on petitioner's
motion for a preliminary injunction enjoining
respondents from removing him from the
Guantanamo Bay Naval Base and rendering him to
the custody of a foreign country without 30 days'
advance notice to petitioner's counsel and leave of
court. Upon consideration of the arguments of the
parties, and in view of the Opinion and Order issued
by Judge Henry Kennedy in *Abdah v. Bush,* Civil No.
04-1254 (D.D.C. Mar. 29, 2005), granting a
substantially identical motion for preliminary
injunction filed by petitioners in that case and the
Memorandum Order issued by Judge Urbina in *Al-
Oshan, et al. v. Bush,* Civil No. 05-0520 (D.D.C.
Mar. 31, 2005), ordering the government to give
petitioners' counsel 30 days' advance notice before
removing petitioners from Guantanamo Bay, it is
hereby

ORDERED that the respondents, their agents,
servants, employees, confederates, and any persons
acting in concert or participation with them, or
having actual or implicit knowledge of this Order by
personal service or otherwise, may not remove
petitioner from the Guantanamo Bay Naval Base
unless this court and counsel for petitioners receive
thirty days' advance notice of such removal; and it is

FURTHER ORDERED that in light of this order, [5]
petitioners' motion for preliminary injunction is
DENIED as moot.

SO ORDERED.

Not Reported in F.Supp.2d, 2005 WL 1384680
(D.D.C.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AHMED ABDULLAH AL-WAZAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0329 (PLF) |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

      This matter is before the Court on petitioner's motion for a preliminary injunction

enjoining respondents from removing him from the Guantanamo Bay Naval Base and rendering

him to the custody of a foreign country without 30 days' advance notice to petitioner's counsel

and leave of court.[1]  Upon consideration of the arguments of the parties, and in view of the

Opinion and Order issued by Judge Henry Kennedy in Abdah v. Bush, Civil No. 04-1254

(D.D.C. Mar. 29, 2005), granting a substantially identical motion for preliminary injunction filed

by petitioners in that case and the Memorandum Order issued by Judge Urbina in Al-Oshan, et al.

v. Bush, Civil No. 05-0520 (D.D.C. Mar. 31, 2005), ordering the government to give petitioners'

---

[1]    Petitioner's original motion for preliminary injunction requested that respondents
be enjoined from removing him from Guantanamo Bay until petitioner had the opportunity to
meet with counsel and until the merits of his habeas petition were decided.  Petitioner's reply
brief in support of his motion indicates, however, that petitioner now requests only that
respondents not render him to the custody of another country without 30 days' notice to his
attorney, and in any event not until petitioner has met with his attorney.  See Reply Memorandum
of Petitioner Al-Wazan in Support of Preliminary Injunction on Notice Before Rendition at 12.
This request is consistent with the motion for preliminary injunction granted by Judge Kennedy
in Abdah v. Bush, Civil No. 04-1254, and filed in another case before this Court.  See Al-Shihry
v. Bush, Civil No. 05-0490 (D.D.C. filed Mar. 9, 2005).

counsel 30 days' advance notice before removing petitioners from Guantanamo Bay, it is hereby

ORDERED that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove petitioner from the Guantanamo Bay Naval Base unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

FURTHER ORDERED that in light of this order, [11] petitioner's motion for preliminary injunction is DENIED as moot.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 1, 2005

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMIL EL-BANNA et al.,      )
                                )
     Petitioners,       )
                                )
        v.            )    Civil Action No. 04-1144 (RWR)
                                )
GEORGE W. BUSH et al.,     )
                                )
     Respondents.      )

HANI SALEH RASHID ABDULLAH   )
et al.,                 )
                                )
     Petitioners,       )
                                )
        v.            )    Civil Action No. 05-23 (RWR)
                                )
GEORGE W. BUSH et al.,     )
                                )
     Respondents.      )

ABDULLAH IBRAHIM ABDULLAH    )
AL RASHAIDAN et al.,       )
                                )
     Petitioners,       )
                                )
        v.            )    Civil Action No. 05-586 (RWR)
                                )
GEORGE W. BUSH et al.,     )
                                )
     Respondents.      )

-2-

## MEMORANDUM ORDER

Petitioners Jamil El-Banna, Bisher Al-Rawi, Martin Mubanga,[1] Hani Abdullah, Rami Al-Oteibi,[2] and Abdullah Al Rashaidan,[3] in three separate cases seek writs of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba.  Respondents moved for a stay of proceedings in each case pending resolution of the appeals in In re Guantanamo Detainee Cases, — F. Supp. 2d — , 2005 WL 195356 (D.D.C. Jan. 31, 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Boumediene v. Bush et al., — F. Supp. 2d — , 2005 WL 100924 (D.D.C. Jan. 19, 2005), appeal docketed, No. 05-5062 (D.C. Cir. March 10, 2005).  A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties.  Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to

---

[1]    Petitioner-detainees in Civil Action No. 04-1144.

[2]    Petitioner-detainees in Civil Action No. 05-23.

[3]    Petitioner-detainee in Civil Action No. 05-586.

-3-

maintain the status quo between the parties).  In Civil Action

No. 04-1144, Judge Joyce Hens Green entered a stay order on

February 3, 2005.  (Dkt. # 122.)  In Civil Action No. 05-23, a

stay was entered on March 16, 2005 that nevertheless allowed

petitioners to seek from this court emergency relief in

appropriate circumstances, such as when petitioners reasonably

believe they will be removed from the jurisdiction of this court.

(Dkt. # 16).[4]  In Civil Action No. 05-586, respondents' motion to

stay the proceedings is pending.

    In each action, petitioners have moved for a preliminary

injunction to enjoin respondents from transferring any of the

petitioner-detainees from United States custody at Guantanamo Bay

Naval Base to any other location or any other custodian without

providing 30 days notice of the intended transfer or removal.

Petitioners fear that respondents may involuntarily "render" the

detainees to other countries, where they may be subject to

continued detention without due process of law or to mental or

physical abuse, and, by means of transfer, divest this court of

jurisdiction either as a practical or legal matter.  Respondents

oppose petitioners' motions for a preliminary injunction.

_____

    [4]  A protective order was entered in that case on the same
day.  (Dkt. # 17.)

-4-

Petitioners' fears do not appear fanciful.  Petitioners cite
to a report of an investigative journalist describing the
rendition of several named individuals who have been transferred
in and out of United States custody, a practice respondents have
not denied in these proceedings.  Further, respondents concede
they have transferred custody of many Guantanamo detainees to
foreign sovereigns and assert that such transfer divests this
court of jurisdiction over pending habeas corpus petitions.
Another press report cited by petitioners, and not denied by
respondents, indicates that respondents either have, or had,
plans to accelerate the transfer of Guantanamo detainees to other
sovereigns and other locations.

The outcome petitioners fear, if realized, would improperly
subvert the court's ability to adjudicate these actions on their
merits.  See Rasul v. Bush, 124 S. Ct. 2686, 2698 (2004) ("We
therefore hold that [28 U.S.C.] § 2241 confers on the District
Court jurisdiction to hear petitioners' habeas corpus challenges
to the legality of their detention at the Guantanamo Bay Naval
Base.").  Furthermore, such a result would nullify the stay's
purpose of preserving the status quo between the parties.

"It is well established that 'the federal courts may and
should take such action as will defeat attempts to wrongfully
deprive parties entitled to sue in the Federal courts for the

-5-

protection of their rights in those tribunals.'" Abu Ali v.

Ashcroft, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (quoting Alabama

Great S. R. Co. v. Thompson, 200 U.S. 206, 218 (1906)).  In

addition, a court may, in appropriate situations, specify

protective conditions in balancing the hardship necessarily

imposed on the party whose suit or execution of judgment has been

stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &

n.27 (D.C. Cir. 1971) (affirming condition of stay requiring

tenant appealing judgment to deposit funds in court registry

pending appeal); see also, City of Portland, Or. v. Federal

Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing

the proponent of a stay in a case challenging shippers' exclusion

of one city's port from service to "be prepared to state reasons

why this court should not impose a conditional stay requiring the

rotation of service among the ports involved pending final review

and determination."); Scott v. Scott, 382 F.2d 461, 462 (D.C.

Cir. 1967) (discussing a stay of execution of judgment

conditioned upon support payments); Center for Int'l

Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp.

2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on

party seeking an expedited appeal).  Where, as here, the

condition imposed on the proponent of the stay is "neither heavy

nor unexpected," imposing a protective condition is well within a

-6-

court's discretion. Cooks v. Fowler, 459 F.2d at 249 (quoting

Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970)

(stating "[w]e have little doubt that . . . [a court] may fashion

an equitable remedy to avoid placing one party at a severe

disadvantage during the period of litigation")).

    Therefore, here

> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." Landis v. North American Co., 299 U.S.
> 248, 256 (1936). Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties. Id. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); see also Clinton v. Jones, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

    ORDERED that respondents' motion for a stay in Civil Action

No. 05-586 (Dkt. # 5) be, and hereby is, GRANTED in part and

DENIED in part.  The proceedings in Civil Action No. 05-586 are

STAYED pending resolution of the appeals pending before the

United States Court of Appeals for the District of Columbia

Circuit, in In re Guantanamo Detainee Cases and Boumediene v.

Bush et al., except that petitioners in Civil Action Nos. 04-1144

and 05-586 may seek emergency relief from this court in

-7-

appropriate circumstances, such as when petitioners have reason
to believe that they are facing the possibility of continued
detention at the request of the United States in a location that
does not provide access to this court.  It is further

ORDERED that in all three cases captioned above,
respondents, their agents, servants, employees, confederates, and
any persons acting in concert or participation with them, or
having actual or implicit knowledge of this Order by personal
service or otherwise, may not transfer or remove the detained
petitioners from United States custody at Guantanamo Bay unless
this court and counsel for petitioners receive thirty days'
advance notice of such transfer or removal.  It is further

ORDERED that, given the ongoing conduct of combatant status
review tribunals, respondents shall file factual returns relating
to each detained petitioner within 30 days after entry of a
protective order in that petitioner's action, unless such returns
have been filed already.  It is further

ORDERED that the motions for a preliminary injunction in all
three cases captioned above (Dkt. # 128, Civil Action No. 04-
1144; Dkt. # 15, Civil Action No. 05-23; Dkt. # 3, Civil Action
No. 05-586) be, and hereby are, DENIED as moot.

-8-

SIGNED this 8th day of April, 2005.


_____/s_____

RICHARD W. ROBERTS
United States District Judge

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 839542 (D.D.C.)
**(Cite as: 2005 WL 839542 (D.D.C.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
Murat KURNAZ, et al. Petitioners,
v.
George W. BUSH, et al., Respondents.
Jamel AMEZIANE, Petitioner,
v.
George W. BUSH, et al., Respondents
**No. Civ.04-1135(ESH), Civ.05-0392(ESH).**

April 12, 2005.
Baher Azmy, Newark, NJ, Eric M. Freedman, Shayana Devendra Kadidal, Center for Constitutional Rights, New York, NY, Barry J. Pollack, Collier Shannon Scott, PLLC, Washington, DC, for Petitioners.

Terry Marcus Henry, U.S. Department of Justice, Washington, DC, for Defendants.

*ORDER*

HUVELLE, J.

*1 Petitioners in the above-captioned cases have each requested a preliminary injunction ordering respondents to provide advance notice of petitioners' transfer from the United States Naval Base at Guantanamo Bay, Cuba, where they are currently detained. Murat Kurnaz, a twenty-two year old Turkish citizen who was born and raised in Germany, has been detained in Guantanamo Bay for more than three years. He requests thirty-days notice to counsel of any proposed transfer. Jamel Ameziane is a citizen of Algeria and has been detained for more than two years. Mr. Ameziane is as yet unaware of his representation by counsel. His counsel requests that petitioner not be transferred from Guantanamo until counsel has had an opportunity to meet with him to ascertain his interests.

Kurnaz's case was initially consolidated before Judge Joyce Hens Green and has been stayed pending appeal to the United States Court of Appeals for the District of Columbia. *See* Order Granting in Part and

Denying in Part Resp'ts' Mot. for Certification of Jan. 31, 2005 Orders and For a Stay, *In re Guantanamo Detainee Cases,* No. 02-0299, *et al.* (D.D.C. Feb. 3, 2005). [FN1] Since Ameziane's Petition for Writ of Habeas Corpus was filed subsequent to Judge Green's decision, it is not subject to the stay or protective orders entered by her. This Court ordered respondents to show cause by April 1, 2005 why Ameziane's writ should not be granted. (Show Cause Order, Mar. 10, 2005.) Respondents have, however, moved for a stay, which Ameziane opposes. Ameziane has also moved for entry of a protective order. The parties presented oral argument on each of these motions on April 8, 2005.

> FN1. The stay entered by Judge Green does not bar the Court's consideration of Kurnaz's motion for injunctive relief. As noted by Judge Collyer, the stay was intended to save time, money, and judicial resources, but "could not be read to also deprive Petitioners of their rights to seek emergency assistance when faced with continued detention at the request of the United States but no venue in which to challenge its legality." *Abdah v. Bush,* 2005 WL 711814, at *4 (D.D.C. Mar.12, 2005).

As neither Ameziane nor respondents oppose entry of protective orders identical to those entered by Judge Green, the Court does so by order below. The Court also concludes that respondents' Motion to Stay should be granted. However, to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal, respondents are ordered to provide factual returns to Ameziane's counsel within ninety days of the date of this Order. Finally, upon consideration of the arguments of the parties, in view of the orders issued by four other judges on this Court granting substantially identical relief as is requested in this case, *see Al-Marri v. Bush,* No. 04-2035 (D.D.C. Apr. 4, 2005); *Al-Joudi v. Bush,* No. 05-0301 (D.D.C. Apr. 4, 2005); *Al-Oshan v. Bush,* No. 05-0520 (D.D.C. Mar. 31, 2005); *Al-Shiry v. Bush,* No. 04-0490 (D.D.C. Apr. 1, 2005); *Abdah v. Bush,* 2005 WL 711814 (D.D.C. Mar.29, 2005), and for the reasons stated below, the Court concludes that petitioners must be given notice of a potential transfer in a limited type of circumstance. In particular, if respondents have not reached a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 839542 (D.D.C.)
**(Cite as: 2005 WL 839542 (D.D.C.))**

diplomatic understanding with the transferee country that a petitioner's transfer from Guantanamo is for release only, respondents must provide that petitioner's counsel with thirty days advance notice of the proposed transfer.

*2 In *Rasul v. Bush*, --- U.S. ----, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004), the Supreme Court held that federal courts have jurisdiction to determine the legality of the ongoing detention of petitioners held in Guantanamo Bay. *Id.* at 2698. *See also In re Guantanamo Detainee Cases*, 355 F.Supp.2d 443, 464 & 479 (D.D.C.2004) (Guantanamo detainees possess rights under the Due Process Clause and Geneva Convention); *Hamdan v. Rumsfeld*, 344 F.Supp.2d 152, 165 (D.D.C.2004) (Guantanamo detainees possess rights under Geneva Convention). Accordingly, the Court must also have authority to preserve this jurisdiction if it can be shown that respondents are acting to circumvent it. *See* All Writs Act, 28 U.S.C. § 1651(a); *Al-Marri*, No. 04-2035, slip. op. at 10 n. 11 (quoting *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C.Cir.1996)) (All Writs Act "empowers a district court to issue injunctions to protect its jurisdiction"); *Abu Ali v. Ashcroft*, 350 F.Supp.2d 28, 54 (D.D.C.2004) (federal courts "may and should take such action as will defeat attempts to wrongfully deprive parties" of their right to sue in federal court) (internal citation omitted); *Lindstrom v. Graber*, 203 F.3d 470, 474-76 (7th Cir.2000) (All Writs Act permits court to stay extradition pending appeal of habeas corpus petition); *Michael v. INS*, 48 F.3d 657, 664 (2d Cir.1995) (All Writs Act permits federal Court of Appeals to stay a deportation order pending review of its legality). *Cf.* Fed. R.App. P. 23(a); *Jago v. U.S. Dist. Court*, 570 F.2d 618, 623 (6th Cir.1978) (Rule 23(a) preserves district judge's authority to issue order regarding custody of prisoner pending review of habeas petition).

Respondents state that some petitioners may be transferred to custody of a foreign government

for investigation and possible prosecution and continued detention when those governments are willing to accept responsibility for ensuring, consistent with their laws, that the detainees will not continue to pose a threat to the United States and its allies. Such governments can include the government of a detainee's home country, or a country other than the detainee's home country that may have law enforcement or prosecution interest in the detainee.

(Waxman Decl. ¶ 3.) According to respondents, once such a transfer is effected, the Court would lose

its jurisdiction. While the Court has no occasion to decide at this time whether this or any other type of transfer could be subject to an injunction, several examples offered by petitioners raise sufficiently serious concerns to justify the limited remedy of advance notice. For instance, a petitioner could be transferred to the custody of a different United States custodian in a foreign country, such as the United States military base in Afghanistan. (*See* Kurnaz Reply at 14.) Alternatively, he could be transferred to the custody of a foreign government, but held under the direction and control of the United States government. *See* *Abu Ali*, 350 F.Supp.2d at 69. Or, he could be transferred to the custody of a country where he has never had occasion to violate that country's laws, again raising a possible question as to the governmental claim of an "independent law enforcement" interest. In such narrowly circumscribed circumstances, closer scrutiny of the transfer might well be appropriate in order to preserve the petitioner's right to obtain review of the legality of his detention.

*3 For these reasons, it is hereby

ORDERED that respondents' Motion to Stay is GRANTED and *Ameziane v. Bush*, No. 05-0392, is STAYED pending resolution of all appeals in *In re Guantanamo Detainee Cases*, 355 F.Supp.2d 443 (D.D.C.2005), and *Khalid v. Bush*, 355 F.Supp.2d 311 (D.D.C.2005). This stay shall not, however, prevent the parties from availing themselves of the procedures set forth in the Protective Order entered below, nor shall it bar the filing or disposition of any motion for emergency relief.

It is further ORDERED that respondents shall provide a factual return to the Court and to counsel for Ameziane within ninety (90) days of the date of this Order; and it is further

ORDERED that the Court ENTERS by way of reference the protective order and supplementary orders previously entered in *In re Guantanamo Bay Detainee Cases*, Civil No. 02-0299, *et al.*, by Judge Joyce Hens Green. These include the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information," entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 839542 (D.D.C.)
**(Cite as: 2005 WL 839542 (D.D.C.))**

It is further ORDERED that, where respondents do not have an understanding with the receiving country that a transfer from Guantanamo Bay, Cuba is for purposes of release only, respondents shall provide petitioner's counsel with thirty (30) days advance notice of the transfer, including the proposed destination and conditions of transfer.

ORDERED that petitioners' motions for preliminary injunctions are DENIED AS MOOT.

**Motions, Pleadings and Filings (Back to top)**

• 1:05cv00392 (Docket) (Feb. 24, 2005)

• 1:04cv01135 (Docket) (Jul. 02, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAHIDOF ABDUL MOKIT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| GEORGE W. BUSH, et al., | ) |
| | ) |
| Respondents. | ) |

Civil Action No. 05-0621 (PLF)

ORDER

This matter is before the Court on petitioner's motion for a preliminary injunction

preventing respondents from rendering petitioner into the custody of his native Tajikistan or any

other foreign country, and on respondents' motion to stay proceedings pending appeal of related

cases.  Both parties state in their briefs that they consent to entry in this case of the Protective

Orders entered by Judge Joyce Hens Green in other *habeas* cases arising from detentions at

Guantanamo Bay.  Upon consideration of the arguments of the parties and the full record in this

case, it is hereby

ORDERED that the Amended Protective Order and Procedures for Counsel

Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on

November 8, 2004; the Order Addressing Designation Procedures for "Protected Information"

entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures

Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004, in the

In re Guantanamo Bay Detainee Cases, Civil No. 02-0299, et al., by Judge Joyce Hens Green

shall apply in this case; it is

FURTHER ORDERED that [3] respondents' Motion to Stay Proceedings Pending

Related Appeals and for Continued Coordination is GRANTED in part.  This case is STAYED

pending resolution of all appeals in In re Guantanamo Detainee Cases, Civil No. 02-0299, et al.,

355 F. Supp.2d 443  (D.D.C. 2005), and Khalid et al. v. Bush, Civil No. 04-1142, 355 F. Supp.2d

311 (D.D.C. 2005).  This stay shall not, however, prevent the parties from continuing to avail

themselves of the procedures set forth in the Protective Order, nor shall it relieve the government

of any obligation to provide petitioner with a factual return while the appeals of related cases are

pending, nor shall it bar the filing or disposition of any motion for emergency relief; it is

FURTHER ORDERED that respondents shall file a factual return regarding

petitioner Wahidof Abdul Mokit within ninety (90) days of the entry of this Order or within

ninety (90) days of the conclusion of any Combatant Status Review Tribunal proceeding,

whichever is later; it is

FURTHER ORDERED that the respondents, their agents, servants, employees,

confederates, and any persons acting in concert or participation with them, or having actual or

implicit knowledge of this Order by personal service or otherwise, may not remove petitioner

from the Guantanamo Bay Naval Base unless this court and counsel for petitioners receive thirty

days' advance notice of such removal; and it is

FURTHER ORDERED that [5] Petitioners' Motion for Preliminary Injunction is

DENIED as moot.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 16, 2005

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| RASHID ABDUL MOSLEH QAYED *et al.*, | : | | |
| | : | | |
| | : | | |
| Petitioners/ Plaintiffs, | : | Civil Action No.: | 05-0454 (RMU) |
| | : | | |
| | : | Document No.: | 3 |
| v. | : | | |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | | |
| | : | | |
| Respondents/ Defendants | : | | |

## MEMORANDUM ORDER

### GRANTING MOTION FOR STAY;
### ORDERING 30 DAYS' NOTICE OF ANY INTENT TO MOVE PETITIONERS

This matter comes before the court on the respondents' motion to stay proceedings pending related appeals and for continued coordination. On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an opinion. Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

1

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petition prior to the D.C. Circuit issuing a ruling that will cover similar matters. Respondents' Mot. to Stay at 1. The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.*

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

2

Accordingly, it is this 6th day of April, 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**ORDERED** that the court **ENTERS** by way of reference the protective ordered previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004).

**SO ORDERED**.




                                        RICARDO M. URBINA
                                        United States District Judge

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MUHAMMED KHAN TUMANI          :
*et al.*,                              :
                             :
                  Petitioners/       :          Civil Action No.:      05-0526 (RMU)
                  Plaintiffs,        :
                             :          Document No.:          4
        v.                   :
                             :
GEORGE W. BUSH *et al.*,          :
                             :
                  Respondents/       :
                  Defendants         :

## MEMORANDUM ORDER

### GRANTING MOTION FOR STAY;
### ORDERING 30 DAYS' NOTICE OF ANY INTENT TO MOVE PETITIONERS

This matter comes before the court on the respondents' motion to stay proceedings

pending related appeals and for continued coordination. On January 19, 2005, Judge Leon issued

opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss

petitions for writ of habeas corpus brought by detainees at the United States Naval Station at

Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On

January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part

and denying in part the government's motion to dismiss in eleven cases consolidated for the

purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005).

The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an

opinion. Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO

detainees is unclear.

1

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petition prior to the D.C. Circuit issuing a ruling that will cover similar matters. Respondents' Mot. to Stay at 1-2. The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 2.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

Accordingly, it is this 6th day of April, 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**ORDERED** that the court **ENTERS** by way of reference the protective ordered previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004).

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

3