IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH WAZIR ZADRAN, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, <br> <u>et al.</u>, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-CV-2367 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR
IMMEDIATE ISSUANCE OF A WRIT OF HABEAS CORPUS
OR ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 2243**

Respondents hereby oppose petitioners' motion for the immediate issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2243 or, alternatively, to issue an order to show cause.

**ARGUMENT**

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case, including with respect to petitioner's requests for relief, is appropriate pending the resolution of the effect of the Act. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is

properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals). For these reasons, respondents oppose petitioners' request for relief.

Indeed, our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[1] Accordingly, absent further direction from the Court, respondents should not be required to submit a further substantive response to the present request for relief. Nonetheless, in an abundance of caution regarding this understanding, respondents also oppose petitioners' request for relief for the reasons discussed in respondents' prior motion to stay and below.

**I.    The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.**

As a preliminary matter, there is nothing in the habeas statute that constrains the Court's broad authority to provide for an orderly schedule and otherwise manage habeas proceedings to further an efficient expenditure of litigation resources. Indeed, pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"),[2] a court may extend the deadline for

---

[1] The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit with an initial brief by respondents due on January 18, 2006, an opposition by petitioners due on January 25, 2006, and respondents' reply due on February 1, 2006.

[2] The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petition in this case. See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605,

responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243. Rule 4 provides that the judge shall "order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order." See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses. Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail"). Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules. See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases). Thus, this Court had the authority to grant a stay of proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent

---

608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997) ("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section 2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules."). Petitioner has presented no authority to the contrary.

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

**II.    A Stay of Proceedings Is Appropriate**.

It is indisputable that the resolution of the effect of the Detainee Treatment Act of 2005, as well as the appeals in Khalid and In re Guantanamo Detainee Cases, will address the core jurisdictional and other issues in the Guantanamo detainee habeas cases and, thus, determine how these cases should proceed, if at all.  It is a wasteful expenditure of resources to proceed with litigation regarding the alleged rights of detainees at Guantanamo Bay when the law governing any such rights is presently in dispute and will be resolved through the resolution of the effect of the Detainee Treatment Act of 2005 or otherwise by the Court of Appeals.  Other Judges of this Court recognized the propriety of a stay pending the Khalid and In re Guantanamo Detainee Cases appeals and generally have stayed proceedings in Guantanamo detainee habeas cases pending before them.  See, e.g., Order (dkt. no. 35), Al-Adahi v. Bush, No. 05-CV-0280 (GK); Order (dkt. no. 7), Deghayes v. Bush, No. 04-CV-2215 (RMC); Order (dkt. no. 16), Ahmed v. Bush, No. 05-CV-0665 (RWR); Order (dkt. no. 2), Mangut v. Bush, No. 05-CV-1008 (JDB); Order (dkt. no. 18), Al Mohammed v. Bush, No. 05-CV-0247 (HHK); Order (dkt. no. 29), El-Mashad v. Bush, No. 05-CV-0270 (JR); Order (dkt. no. 15), Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (dkt. no. 15); Order (dkt. no. 12), Ameziane v. Bush, No. 05-CV-0392 (ESH); Order (dkt. no. 4), Qayed v. Bush, No. 05-CV-0454 (RMU); Order (dkt. no. 9), Magram v. Bush, No. 05-CV-0584 (CKK); Order (dkt. no. 12), Battayav v. Bush, No. 05-CV-0714 (RBW).  Consistent with this approach, proceedings in the above-captioned case should also be stayed.

**III.    A Factual Return Should Not be Required**.

Petitioners insist that a factual return be submitted in three days or at most twenty days. It makes no sense, however, for the government to process and submit a factual return with respect to petitioner when the issue of whether the Court has authority to proceed at all will soon be determined. In any event, even if counsel had access to a factual return, they would not be able to share classified information in the return with petitioners. Thus, there is no reason why counsel need access to a factual return at this time.[3]

Moreover, the submission of factual returns which, in any event, may ultimately be unnecessary, burdens the government's resources and risks the inadvertent disclosure of classified information. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking. Thus, respondents face an immense logistical burden to process and submit the returns, especially on the short, simultaneous schedules being requested by petitioners in the various cases. Further, submission of these returns vastly expands access to classified information contained in the returns, thereby increasing the risks of inadvertent or other disclosure or compromise of the information. These burdens and risks, however, could be rendered completely unnecessary, depending

---

[3] In this vein, various Judges of this Court have declined to require factual returns during the pendency of the stay. See, e.g., Order (dkt. no. 5), Sliti v. Bush, No. 05-CV-0429 (RJL); Order (dkt. no. 6), Imran v. Bush, No. 05-CV-0764 (CKK); Order (dkt. no. 12), Attash v. Bush, No. 05-CV-1592 (RCL).

5

on the outcome of the issues being raised with respect to the Detainee Treatment Act or otherwise involved in the appeals. Cf. Order Den. Mot. for Recons. of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482 (staying cases so as to avoid expenditure of "substantial resources" and imposition of "significant burdens" that might not be necessary depending on outcome of appeal).

Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from submission of factual returns, ignores the cascade effect that would follow from requiring the submission of a factual return in this case. Presently, there are more than 190 habeas cases pending on behalf of more than 300 detainees at Guantanamo Bay. A decision to allow submission of factual returns to go forward pending the resolution of the appeals could precipitate a chain reaction – the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered. Indeed, the decision to require production of a factual return would likely need to be revisited or relitigated, and may be shown to have been altogether improper or unnecessary, once the effect of the Detainee Treatment Act is determined or the Court of Appeals otherwise provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioner. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold the submission of a factual return in abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.[4]

---

[4] Though the submission of a factual return should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary. For example, a schedule allowing for the production of a factual return in this case within 120 days would be appropriate, if returns are ordered, and ordering a shorter period would be burdensome. See, e.g., Order (dkt. no. 21), Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (imposing 120-day schedule to provide

**CONCLUSION**

For the reasons stated, the Court should deny petitioners' request for immediate issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2243 or, alternatively, to issue an order to show cause.

Dated:  January 20, 2006                              Respectfully submitted,


PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /s/ Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ROBERT J. KATERBERG
EDWARD H. WHITE
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4505
Fax:  (202) 616-8202

Attorneys for Respondents

---

factual return); Battayav, supra, at 4 (requiring a 120-day schedule).  The Court should not order the production of a factual return for petitioner in this case, and in no event should the Court require a return to be produced sooner than 120 days from the date of any such order.

7