*PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH WAZIR ZADRAN, *et al.*, <br><br> *Petitioners/Plaintiffs,* <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> *Respondents/Defendants.* | Case No. 05-CV-2367 (RWR) |

### PETITIONERS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A PRESERVATION ORDER

Respondents' contention that it would be "overly burdensome" for them to preserve evidence relating to Petitioners' claims demonstrates the necessity of a preservation order. The evidence relating to Petitioners' habeas corpus claims is in particular jeopardy. This Court should enter a preservation order covering all potentially discoverable evidence in this case in Respondents' possession, custody, or control so that discoverable evidence is not lost during what promises to be prolonged pre-hearing litigation.

1. **Respondents' Opposition Demonstrates the Need For an Order to Preserve Evidence**

Respondents' opposition raises grave doubt about their willingness, absent a court order, to preserve evidence otherwise potentially discoverable in this litigation. Respondents initially concede that they have an "obligation not to destroy evidence that may be relevant in pending litigation," but they are vague about what evidence they believe that obligation reaches. Respondents' Opposition to Petitioners' Motion for Preservation Order, at 5. Even more troublesome, Respondents fail to acknowledge any duty to take affirmative steps to preserve discoverable evidence – leaving the implication that they may let evidence be lost through

neglect. Respondents point to no authority that would permit them to fail affirmatively to protect evidence that they are under a legal obligation not to destroy, and indeed, there is none. An order of this Court is required to ensure that all discoverable evidence is preserved.

Respondents also object, without specificity, to the language of Petitioners' proposed preservation order. Counsel is unaware of any detainee's proposed preservation order, however expressed, that Respondents have not opposed. In any event, the proposed order is appropriately framed, being limited to evidence "relating to" the "petitioners" and to their "petitions" and "other claims" – that is, to potentially discoverable evidence. *See* Petitioners' Motion for a Preservation Order, at 1-2. The proposed preservation order would simply require Respondents, like any other litigant, not only not to intentionally destroy discoverable evidence, but to take affirmative steps to preserve it.[1]

### 2. Evidence Relating to the Petitions for Habeas Corpus Is in Particular Jeopardy

Absent an order, Respondents' preservation obligations may be particularly unsettled as to Petitioners' habeas claims. Under the Supreme Court's 1969 decision in *Harris v. Nelson*, the Federal Rules of Civil Procedure and the preservation-of-evidence obligations

---

[1] Respondents also contend that the Court should deny Petitioners' motion for a preservation order based on the passage of the Detainee Treatment Act, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005) ("DTA"), which they contend divests the Court of jurisdiction to enter such an order. Respondents have not, however, filed any motion on this ground and have not formally presented the jurisdictional issue to the Court for decision. Nor should this Court raise this issue *sua sponte*, since the jurisdictional question is already before the Court of Appeals in *Al Odah v. United States*, No. 05-5064, Per Curiam Order (January 13, 2006) (setting supplemental briefing schedule regarding DTA), and the Supreme Court in *Hamdan v. Rumsfeld*, No. 05-184, Motion to Dismiss Filed by Respondent Donald H. Rumsfeld, Secretary of Defense (January 12, 2006). In the interim, this Court has authority under the All Writs Act, 28 U.S.C. § 1651, to enter the preservation order to maintain the status quo pending the resolution of any proper challenge to its subject matter jurisdiction.

flowing from them may not automatically apply to federal habeas corpus proceedings. *See* 394 U.S. 286, 294 n.5, 298-99.

The uncertainty created by Respondents' vague concession as to their preservation obligations is particularly pronounced as to the Petitioners' habeas claims. Respondents fail to address whether they believe their obligations with respect to evidence relating to these claims differs from their obligations regarding evidence relating to the Petitioners' other civil claims, which are governed by the Federal Rules. The *Harris v. Nelson* issue was squarely raised in Petitioners' opening brief, and Respondents' failure to state their views is grounds for heightened concern that discoverable evidence may be in jeopardy.

The Court can eliminate the confusion by entering the proposed preservation order. As part of its authority under the All Writs Act, the Court can act to ensure the fairness of this proceeding:

> *Harris v. Nelson* also makes clear that a district court's authority to issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-finding obligations in habeas corpus proceedings is intended to be flexible and should be exercised as the circumstances require for a proper and just disposition.

*Slahi v. Bush*, No. 05-881 (RWR), Order of July 18, 2005 at 3, Dick Declaration in Support of Motion for Preservation Order, Ex. A. The Court's power of inquiry in a federal habeas corpus action is plenary, and the Court is empowered to issue any order appropriate to ensure the fairness of the proceeding.

3. **Content of the Preservation Order**

The preservation order should cover all materials, wherever located, now or in the future in Respondents' possession, custody, or control relating to: (1) any of the individual Petitioners; (2) any of their petitions for writs of habeas corpus, including but not limited to materials relating to the torture, mistreatment, or abuse of detainees at Guantanamo Bay Naval

Station; or (3) any of the other claims made by Petitioners in their December 9, 2005 petitions. While the third category of evidence is also subject to the preservation obligations that flow from the Federal Rules of Civil Procedure, for administrative efficiency, consistency, and the removal of any doubt as to Respondents' obligations with respect to particular items of evidence, this category should be included in the preservation order.

## CONCLUSION

Most of the documents relevant to Petitioners' claims are in the sole possession, custody, and control of Respondents.  Should Respondents permit discoverable evidence to be lost, the Court's practical ability fairly to adjudicate these Petitions will be diminished, if not eliminated.  Entry of a preservation order is needed to prevent such a result.

Dated:  January 19, 2006

Respectfully submitted,

DECHERT LLP
*Counsel for Petitioners*

By: _____
Rebecca Dick
D.C. Bar No. 463197
R. Michael Smith
D.C. Bar No. 372654
1775 Eye Street, N.W.
Washington, D.C.  20006
202.261.3300

Daniel C. Malone
DECHERT LLP
30 Rockefeller Plaza
New York, NY  10112
212.698.3500

George G. Gordon
Peter M. Ryan
Juliet Sarkessian
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
215.994.4000

4

*PREVIOUSLY FILED WITH CSO AND*
*CLEARED FOR PUBLIC FILING*

# CERTIFICATE OF SERVICE

I, Peter M. Ryan, hereby certify that on January 23, 2006, I cause to be served via email a true and correct copy of the foregoing Petitioners' Reply Memorandum in Support of Motion for Entry of a Preservation Order on the following counsel of record for Respondents:

Preeya M. Noronha
Preeya.Noronha@usdoj.gov
United States Department of Justice
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7226
Washington, D.C. 20530
(202) 514-3338

Terry M. Henry
Terry.Henry@usdoj.gov
Senior Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7144
Washington, D.C. 20530

_____
Peter M. Ryan