IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH WAZIR ZADRAN, et al., | : |
| *Petitioners/Plaintiffs*, | : |
| v. | : Case No. 1:05-CV-2367 (RWR) |
| GEORGE W. BUSH, et al., | : |
| *Respondents/Defendants*. | : |

**MOTION OF PETITIONER TOORAN MOHAMMAD AMANNULLAH
FOR REINSTATEMENT**

Petitioner Tooran Mohammad Amannullah, by his attorneys and through his Next Friend, Mirra Jaan, his brother, moves for reinstatement as a Petitioner in this action. Mr. Amannullah, contrary to prior reports, remains in illegal detention at the Guantanamo Bay Naval Station ("Guantanamo"), and through his Next Friend therefore seeks to be reinstated in this action.

On August 9, 2005, Mirra Jaan, believing his brother to be illegally detained at Guantanamo without a full or fair hearing, signed a formal statement authorizing the law firm of Dechert LLP to represent his brother's interests. On the basis of this authorization, Tooran Mohammad Amannullah was named in the Petition in this action, No. 1:05-CV-2367, filed on December 9, 2005. The action seeks issuance of a writ of habeas corpus and other relief relating to ten Petitioners' continued illegal and indefinite detention at Guantanamo. Mr. Jaan's authorization for the representation of Mr. Amannullah was attached as Exhibit C to that Petition.

On December 21, 2005, in response to an inquiry from Petitioners' counsel, counsel for the Respondents advised that they were "unable to identify" Petitioner Amannullah. Respondents' counsel provided no further explanation or information.

On December 26, 2005, counsel for Petitioners was advised by a translator assisting counsel in this matter that a Mr. Tooran Amannullah had been released from Guantanamo and was living with his family in his home village in Afghanistan. The translator reported that he had recently met in person in Afghanistan with this Mr. Amannullah's brother, who was the source of the translator's information.

Based on the information received from counsel for the Respondents and from the translator, on January 3, 2006, counsel for Petitioners filed an unopposed motion to dismiss Petitioner Amannullah without prejudice from this action. The motion was granted on January 11, 2006.

Counsel for Petitioners has now been advised by the aforementioned translator that he met in late May 2006 in Afghanistan with Mr. Jaan, Petitioner Amannullah's Next Friend. Mr. Jaan reported that Petitioner Amannullah remains at Guantanamo.

It appears that two persons named Tooran Amannullah have been detained at Guantanamo. The Tooran Amannullah who was later released is not the person whom the Dechert LLP law firm is authorized to represent and is not the person named in the Petition in this action. According to his Next Friend, Petitioner Amannullah remains at Guantanamo. His Next Friend continues to authorize, indeed to urge, that the Dechert LLP law firm pursue appropriate relief for Petitioner Amannullah.

Counsel recently consulted with counsel for the Respondents regarding this motion. The latter continues to be unable to identify Petitioner Amannullah and, at the time of these communications, did not take a position with respect to this motion.

The lack of confirmation by Respondents of Petitioner Amannulah's identity is not an obstacle to his reinstatement. Reinstatement would only restore the status that Petitioner Amannullah held prior to the motion to dismiss without prejudice – that is, he would be named on the Petition although not yet identified by Respondents.

Counsel will work diligently with Respondents' counsel to provide sufficient information so that Respondents can identify this Petitioner. Counsel has a strong incentive to do so, because counsel cannot write to or meet with this Petitioner until Respondents have provided his ISN number. Petitioner's participation in this action should not be delayed, however, while the identification process proceeds.

In light of the foregoing, Petitioner respectfully requests that the Court reinstate Tooran Mohammad Amannullah as a Petitioner in this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, No. 1:05-CV-02367 (RWR).

Respectfully submitted,

Dated: June 28, 2006

_____
Rebecca P. Dick
Carolyn M. Welshhans
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300
Fax: (202) 261-3333

*Counsel for Petitioners*

3