IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULLAH WAZIR ZADRAN, et al., | : |
| *Petitioners/Plaintiffs*, | : |
| v. | : Case No. 1:05-CV-2367 (RWR) |
| GEORGE W. BUSH, et al., | : |
| *Respondents/Defendants*. | : |

### DECLARATION OF REBECCA P. DICK IN SUPPORT OF MOTION OF PETITIONER TOORAN MOHAMMAD AMANNULLAH FOR REINSTATEMENT

I, Rebecca P. Dick, make the following statements to the best of my personal knowledge and belief:

1. I am an attorney at the law firm of Dechert LLP, 1775 Eye St., N.W., Washington, D.C. 20006. I am licensed to practice law in the District of Columbia and the State of New York. Dechert LLP represents Tooran Mohammad Amannullah, named as a Petitioner in this action but later dismissed without prejudice based on incorrect reports from Afghanistan that he had been released from detention at the Guantanamo Bay Naval Station ("Guantanamo"). I make this declaration in support of Tooran Mohammad Amannullah's motion for reinstatement.

2. On August 9, 2005, Mirra Jaan, believing his brother, Tooran Mohammad Amannullah, to be illegally detained at Guantanamo without a full or fair hearing, signed a formal statement authorizing the law firm of Dechert LLP to represent his brother's interests.

3. On the basis of this authorization, Tooran Mohammad Amannullah was named as a Petitioner in this action, No. 1:05-CV-2367, which was filed on December 9, 2005. The action seeks issuance of a writ of habeas corpus and other relief relating to ten Petitioners' continued

illegal and indefinite detention at Guantanamo. Mr. Jaan's authorization for the representation of Mr. Amannullah was attached as Exhibit C to that Petition.

4. On December 21, 2005, in response to an inquiry from Petitioners' counsel, counsel for the Respondents advised that they were "unable to identify" Petitioner Amannullah. Respondents' counsel provided no further explanation or information.

5. On December 26, 2005, counsel for Petitioners was advised by a translator assisting counsel in this matter that a Mr. Tooran Amannullah had been released from Guantanamo and was living with his family in his home village in Afghanistan. The translator reported that he had recently met in person in Afghanistan with this Mr. Amannullah's brother, who was the source of the translator's information.

6. Based on the information received from counsel for the Respondents and from the translator, on January 3, 2006, counsel for Petitioners filed an unopposed motion to dismiss Petitioner Amannullah without prejudice from this action. The motion was granted on January 11, 2006.

7. Counsel for Petitioners has now been advised by the aforementioned translator that he met in late May 2006 in Afghanistan with Mr. Jaan, Petitioner Amannullah's Next Friend. Mr. Jaan reported that Petitioner Amannullah remains at Guantanamo.

8. On information and belief, it appears that two persons named Tooran Amannullah have been detained at Guantanamo. The Tooran Amannullah who was later released is not the person whom the Dechert LLP law firm is authorized to represent and is not the person named in the Petition in this action.

9. According to his Next Friend, Petitioner Amannullah remains at Guantanamo. His Next Friend continues to authorize, indeed to urge, that the Dechert LLP law firm pursue appropriate relief for Petitioner Amannullah.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief. Executed on June 28, 2006.

_____
Rebecca P. Dick