IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULLAH WAZIR ZADRAN, *et al.*, | ) |
| Petitioners, | ) |
| v. | ) Civil Action No. 05-CV-2367 (RWR) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) |
| Respondents. | ) |

### RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR REINSTATEMENT OF PETITIONER TOORAN MOHAMMAD AMANNULLAH

Respondents hereby oppose petitioners' motion for reinstatement of Tooran Mohammad Amannullah as a petitioner in this action (dkt. no. 31).

As an initial matter, respondents have not been able to identify Tooran Mohammad Amannullah as a detainee at Guantanamo Bay. Respondents initially informed counsel for petitioners of this identification problem in December 2005, shortly after the above-captioned case was filed, and requested additional information from counsel in an attempt to identify this petitioner. Counsel for petitioners subsequently advised respondents of their belief that Tooran Mohammad Amannullah had been transferred to Afghanistan, and filed a motion to dismiss his petition (dkt. no. 7), which was granted by the Court by Minute Order on January 11, 2006.[1] Counsel for petitioners now believe that Tooran Mohammad Amannullah is still detained at

---

[1] At no time had respondents been able to confirm the identity of petitioner Tooran Mohammed Amannullah, and given that his brother sought habeas relief on petitioner's behalf, respondents had no reason to dispute counsel's belief that this petitioner was no longer detained at Guantanamo Bay.

Guantanamo Bay, see Pets' Mot. at 2, but have not provided respondents with sufficient information in order to confirm the identity of this petitioner. Counsel for respondents understand that counsel for petitioners are presently attempting to gather additional identification information regarding Tooran Mohammad Amannullah in an attempt to resolve the identification issue, and respondents will continue to work with counsel in this regard, however, as of this date, this petitioner has not yet been identified as a Guantanamo detainee. Thus, given that it would serve no purpose for this case to proceed on behalf of an unidentified petitioner, until respondents are presented with sufficient information to establish the identity of Tooran Mohammad Amannullah as a detainee at Guantanamo Bay, petitioners' motion to reinstatement him as a petitioner in this action should be denied.

Further, petitioners' motion should be denied because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over this action in the D.C. Circuit. The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, id., § 1005(e)(1), (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. While the Supreme Court in Hamdan v. Rumsfeld, 548 U.S. —, slip op. (U.S. June 29, 2006), held that § 1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the

enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment. Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be *habeas* cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3). We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit." Hamdan, slip op. at 18, n.14. The above-captioned case is such a case, i.e., challenging the purported petitioner's designation as an enemy combatant through the Combatant Status Review Tribunal, and given the Act's investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over this case for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus. Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th

Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition."). See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals). Granting the relief requested by petitioners in this case would be an assertion of jurisdiction and authority in the case inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

    The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v. United States, No. 05-5064),[2] and respondents have recently requested that the Court of Appeals

---

[2] Oral argument before the D.C. Circuit was held on March 22, 2006.

permit additional briefing on the effect of the <u>Hamdan</u> decision on this issue.[3] Accordingly, at a minimum, all proceedings in this case, including petitioners' request for relief, should be stayed pending resolution by the D.C. Circuit of the effect of the Act on the Guantanamo detainee habeas cases.

For these reasons, petitioners' motion to reinstate petitioner Tooran Mohammad Amannullah in this action should be denied.

Dated: July 13, 2006                    Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              DOUGLAS N. LETTER
                                              Terrorism Litigation Counsel

                                                /s/ Preeya M. Noronha
                                              JOSEPH H. HUNT (D.C. Bar No. 431134)
                                              VINCENT M. GARVEY (D.C. Bar No. 127191)
                                              TERRY M. HENRY
                                              JAMES J. SCHWARTZ
                                              PREEYA M. NORONHA
                                              ROBERT J. KATERBERG
                                              NICHOLAS J. PATTERSON
                                              ANDREW I. WARDEN
                                              EDWARD H. WHITE
                                              MARC A. PEREZ
                                              Attorneys
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Ave., N.W.
                                              Washington, DC  20530
                                              Tel:  (202) 514-4107
                                              Fax:  (202) 616-8470

                                              Attorneys for Respondents

---

[3] Petitioners in the cases involved in the appeals have opposed respondents' request for supplemental briefing.