**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
ABDULLAH WAZIR ZADRAN et al.,  )
                              )
          Petitioners,         )
                              )
     v.                        )     Civil Action No. 05-2367 (RWR)
                              )
GEORGE W. BUSH et al.,         )
                              )
          Respondents.         )
_____)
```

**MEMORANDUM ORDER**

Petitioners in this matter are nine detainees in United States custody at Guantanamo Bay Naval Base who filed petitions through their next friends. Petitioners have moved this court to enter orders (i) requiring respondents to file factual returns relating to the detainees, (ii) enjoining respondents from transferring a detained petitioner in the absence of thirty days' advance notice, and (iii) requiring respondents to preserve and maintain all documents and information relating to the detained petitioners. (See Dkt. Nos. 8, 9, & 12.) Respondents oppose petitioners' motions. In addition, respondents have filed a motion to stay all proceedings pending resolution of the appeals in Khalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed sub nom. Boumediene v. Bush et al., Nos. 05-5062, 05-5063 (D.C. Cir. March 3, 2005) and In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeals

-2-

docketed, Nos. 05-5064 et al. (D.C. Cir. March 7, 2005).[1]  (See
Dkt. No. 4.)  Petitioners' motions for orders will be granted in
part and denied in part and respondents' motion to stay all
proceedings will be granted in part and denied in part.

I.   CONDITIONAL STAY OF PROCEEDINGS

     A primary purpose of a stay pending resolution of issues on
appeal is to preserve the status quo among the parties.
Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559
F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is
preventative or protective, and seeks to maintain the status quo
pending a final determination of issues on appeal); see Warm
Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)
(granting stay pending appeal to maintain the status quo between
the parties).  A court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); see also City of Portland, Or. v. Federal

---

[1]  One of the disputed matters on appeal before the District
of Columbia Circuit has been resolved by decision of the United
States Supreme Court in Hamdan v. Rumsfeld, –– S. Ct. –– , 2006
WL 1764793 (June 29, 2006), where the Court made clear that this
court retains jurisdiction over these habeas corpus petitions.
See id. at *13-16 & n.15.

-3-

Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir.
1967) (discussing a stay of execution of judgment conditioned
upon support payments); Center for Int'l Environmental Law v.
Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C.
2003) (conditioning stay pending appeal on party seeking an
expedited appeal).  Where, as here, the conditions imposed on the
proponent of the stay are "neither heavy nor unexpected,"
imposing a protective condition is well within a court's
discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v.
Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating
"[w]e have little doubt that . . . [a court] may fashion an
equitable remedy to avoid placing one party at a severe
disadvantage during the period of litigation")).

     Therefore, here

     the court will "guard against depriving the processes
     of justice of their suppleness of adaptation to varying
     conditions." Landis v. North American Co., 299 U.S.
     248, 256 (1936).  Coextensive with a district court's
     inherent power to stay proceedings is the power to
     craft a stay that balances the hardships to the
     parties.  Id. at 255 (noting concern regarding a stay
     causing "even a fair possibility . . . [of] damage to
     some one else."); see also Clinton v. Jones, 520 U.S.
     681, 707 (1997) (noting that "burdens [to the parties]

-4-

are appropriate matters for the District Court to evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. No. 12).

II.  PRESERVATION OF EVIDENCE

The Supreme Court's opinion in Harris v. Nelson, 394 U.S. 286 (1969), makes clear that the discovery provisions of the Federal Rules of Civil Procedure do not automatically apply in whole to federal habeas corpus proceedings.  Id. at 294 n.5, 298-99.  The preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court. Accordingly, a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no full disclosure of the facts on the public record that justify the challenged detention, is not superfluous or unnecessary.

Harris also makes clear that a district court's authority to issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-finding obligations in habeas corpus proceedings is intended to be flexible and should be exercised as the circumstances require for a proper and just disposition.

> [The Supreme Court has] held explicitly that the purpose and function of the All Writs Act to supply the courts with the instruments needed to perform their duty [to issue orders appropriate to assist them in conducting factual inquiries] . . . extend to habeas corpus proceedings.

-5-

> At any time in the [habeas corpus] proceedings, when
> the court considers that it is necessary to do so in
> order that a fair and meaningful evidentiary hearing
> may be held so that the court may properly "dispose of
> the matter as law and justice require," either on its
> own motion or upon cause shown by the petitioner, it
> may issue such writs and take or authorize such
> proceedings with respect to development, before or in
> conjunction with the hearing of the facts relevant to
> the claims advanced by the parties, as may be
> "necessary or appropriate in aid of [its jurisdiction]
> . . . and agreeable to the usages and principles of
> law."  28 U.S.C. § 1651.
>
> . . . Obviously, in exercising this power, the court
> may utilize familiar procedures, as appropriate,
> whether these are found in the civil or criminal rules
> or elsewhere in the "usages and principles of law."

394 U.S. at 299-300 (footnote omitted).  "[T]he power of inquiry

on federal habeas corpus is plenary" and its exercise depends

entirely on the circumstances.  Harris, 394 U.S. at 291.

The preservation order petitioners seek is tailored to

preserve "documents and information in . . . [respondents']

possession" that may be "relevant to litigation or potential

litigation or are reasonably calculated to lead to the discovery

of admissible evidence."  Wm. T. Thompson Co. v. General

Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).

Documents reflecting treatment of detainees -- whether statements

of official policy, cumulative evidence of specific practices, or

something else -- may be probative of the treatment of

petitioners or may lead to other probative evidence.  The

requested order imposes no greater obligation on respondents than

-6-

the federal discovery rules' preservation obligations impose on a
litigant in a typical civil lawsuit.

<u>CONCLUSION AND ORDER</u>

     For the foregoing reasons, it is hereby

     ORDERED that respondents' motion [#4] to stay proceedings
and for relief from any obligation to file a factual return be,
and hereby is, GRANTED in part and DENIED in part.  The
proceedings in this case are STAYED pending resolution of the
appeals pending before the United States Court of Appeals for the
District of Columbia Circuit in <u>In re Guantanamo Detainee Cases</u>
and <u>Boumediene v. Bush et al.</u>, except that petitioners may seek
emergency relief from this court in appropriate circumstances,
such as when petitioners have reason to believe that they are
facing the possibility of continued detention at the request of
the United States in a location that does not provide access to
this court.  Respondents' request for relief from any obligation
to file a factual return is DENIED.  It is further

     ORDERED that petitioners' motion [#9] for immediate issuance
of a writ of habeas corpus or a show cause order be, and hereby
is, GRANTED in part and DENIED in part.  Respondents are directed
to submit a factual return relating to each detained petitioner
by August 18, 2006.  Petitioners' motion [#9] is DENIED in all
other respects.  It is further

-7-

ORDERED that petitioners' motion [#12] to enjoin respondents from removing any of the detained petitioners from Guantanamo Bay Naval Base without notice and only after court approval be, and hereby is, GRANTED in part and DENIED in part.  Petitioners' request for notice of any removal of a detained petitioner is GRANTED.  Respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and petitioners or any counsel representing them with thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay. Petitioners' motion for injunction is DENIED in all other respects.  It is further

ORDERED that petitioners' motion [#8] for a preservation order be, and hereby is, GRANTED.  Respondents shall preserve and maintain all evidence, documents and information, without limitation, now or ever in respondents' possession, custody or control, regarding the detained petitioner in this case.

SIGNED this 18th day of July, 2006.


                        /s/
                        _____
                        RICHARD W. ROBERTS
                        United States District Judge