IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDULLAH WAZIR ZADRAN, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-2367 (RWR) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' FACTUAL RETURN TO PETITION FOR WRIT
OF HABEAS CORPUS BY PETITIONER ABDULLAH WAZIR ZADRAN
AND NOTICE OF SUBMISSION OF FACTUAL RETURN UNDER SEAL**

Respondents hereby submit, as explained herein, the final record of proceedings before the Combatant Status Review Tribunal pertaining to petitioner Abdullah Wazir (listed in the petition as Abdullah Wazir Zadran) as a factual return to petitioner's petition for writ of habeas corpus. For the reasons explained in the record, petitioner Abdullah Wazir has been determined to be an enemy combatant. Accordingly, petitioner Abdullah Wazir is lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and is being detained.[1]

---

[1] On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of aliens held by the Department of Defense as enemy combatants at Guantanamo Bay, Cuba. The effect of the Act on cases such as this, i.e., the extent to which the vesting of exclusive review in the Court of Appeals deprives this Court of jurisdiction to proceed, remains pending before the Court of Appeals, and the impact of the Supreme Court's recent decision in Hamdan v. Rumsfeld, 548 U.S. ___, 126 S. Ct. 2749 (2006), on that and other issues is the subject of supplemental briefing in the Court of Appeals that was completed on August 15, 2006. In light of this, a stay of all proceedings in this case is

The portion of the record suitable for public release is attached hereto.  <u>See</u> Exhibit A.  The remaining portions of the record, including information that is classified or not suitable for public release, are being submitted under seal through the Court Security Officers.  One copy of the factual return is being submitted to the Court for *in camera* review.  Another copy of the factual return, containing information suitable for disclosure to counsel under seal, is being made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order.  <u>See</u> Protective Order and Procedures for Counsel Access to Petitioners at the United States Naval Base in Guantanamo Bay, Cuba (dkt. no. 25).  Any redactions made in the factual return are explained in the declaration(s)/certification(s) submitted therewith.  Both copies of the factual return contain highlighting, explained therein, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns, entered on December 8, 2004 by Judge Green in the coordinated cases.  Respondents have designated certain highlighted, unclassified information in the factual return as "protected information" under the Protective Order.  Pursuant to the Protective Order, once counsel for petitioner has reviewed the factual return and counsel for the parties have conferred, respondents will file a motion requesting that the Court designate the information in the factual return as "protected" pursuant to the Protective Order.[2]

---

appropriate pending the resolution of the effect of the Act.  Pursuant to the Court's July 19, 2006 Order, however, respondents hereby submit a factual return pertaining to petitioner Abdullah Wazir.

  [2] Pursuant to the Protective Order, respondents are disclosing this information to petitioner's counsel, who shall treat such information as "protected" unless and until the Court rules that the information should not be designated as "protected."

For the reasons explained in the factual return, petitioner Abdullah Wazir has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise. Accordingly, the petition for writ of habeas corpus should be dismissed and the relief sought therein denied.

Dated: August 18, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents