Exhibit B

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| HAJI BISMULLAH, et al. | ) |
| | ) |
| Petitioners | ) |
| | ) No.    06-1197 |
| DONALD H. RUMSFELD, | ) |
| Secretary of Defense | ) |
| | ) |
| Respondent | ) |

## PROTECTIVE ORDER AND PROCEDURES FOR COUNSEL ACCESS TO DETAINEE AT THE UNITED STATES NAVAL BASE IN GUANTANAMO BAY, CUBA

This matter comes before the Court upon Respondents' Motion for Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or are otherwise in the possession of, the petitioners and/or petitioners' counsel in this case. Pursuant to the general supervisory authority of the Court, in order to protect the national security, and for good cause shown,

IT IS ORDERED:

### Part One – General Provisions and Definitions

1. **General Provisions**

A.    The Court finds that this case involves classified national security information or documents, the storage, handling and control of which require special

security precautions, and access to which requires a security clearance and a "need to know." This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States Government personnel and facilities, and other significant Government interests.

B.   The purpose of this Protective Order is to establish the procedures that must be followed by the petitioners and petitioners' counsel, translators for the parties, and all other individuals who receive access to classified national security information or documents, or other protected information or documents, in connection with this case, including the DoD privilege team.

C.   The procedures set forth in this Protective Order will apply to all aspects of this case, and may be modified by further order of the Court sua sponte or upon application by any party. The Court will retain continuing jurisdiction to enforce or modify the terms of this Order.

D.   Nothing in this Order is intended to or does preclude the use of classified information by the Government as otherwise authorized by law outside of these actions.

E.   Petitioners' counsel shall be responsible for advising their employees, the petitioners, and others of the contents of this Protective Order, as appropriate

or needed.

F.      All documents marked as classified, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the original classification authority of the document or the information contained therein (hereinafter, the "original classification authority").

## 2. Definitions

A.      As used herein, the words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

   i.      papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

   ii.     graphic or oral records or representations of any kind, including, but not

-3-

limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

iii.    electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

iv.    information acquired orally.

B.    The terms "classified national security information and/or documents," "classified information" and "classified documents" refer to:

i.    any classified document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

ii.    any document or information, regardless of its physical characteristics, now or formerly in the possession of a private party that has been

-4-

derived from United States Government information that was classified, regardless of whether such document or information has subsequently been classified by the Government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

iii.    verbal or non-documentary classified information known to the petitioner or petitioners' counsel; or

iv.    any document and/or information as to which the petitioner or petitioners' counsel have been notified orally or in writing that such documents or information contains classified information.

C.    The terms "protected information and/or documents," "protected information" and "protected documents" refer to information for which the storage, handling and control require special precautions in order to protect the security of the United States Government personnel and/or facilities, or other significant Government interests, and includes:

i.    any document or information contained within the records of

-5-

proceedings before the Combatant Status Review Tribunals that:

    a.    is not classified national security information and/or documents as defined in § 2.B.; and

    b.    has not been filed in the public record in this Court as part of the administrative record.

ii.    any information designated by the Government as protected information. Examples include, but are not limited to, information designated by the Government as "For Official Use Only," or "Law Enforcement Sensitive," or information which may be reasonably expected to increase the threat of injury or harm to any person.

The terms defined in § 2.C do not include any document or information that the Court, upon application by counsel for a party, determines should not be treated as protected.

D.    "Petitioners' counsel" shall be defined to include an attorney who is employed or retained by or on behalf of the petitioner for purposes of representing the petitioner in this litigation, as well as co-counsel, interpreters, translators, paralegals, investigators, and all other personnel or support staff employed or engaged to assist in this litigation. Petitioners' counsel must be U.S. citizens.

E.   "Access to classified information" or "access to protected information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information or protected information.

F.   "Secure area" shall mean a physical facility accredited or approved for the storage, handling, and control of classified information.

G.   "Unauthorized disclosure of classified information" shall mean any knowing, willful or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information to an unauthorized recipient.

H.   "Communications" shall mean all forms of communication between counsel and a detainee, including oral, written, electronic, or by any other means.

I.   "Detainee" shall mean an alien detained by DoD as an alleged enemy combatant at the U.S. Naval Base in Guantanamo Bay, Cuba.

J.   "Legal mail"  consists only of documents and drafts of documents that are

intended for filing in this action and correspondence directly related to those documents that –

i.  are directly related to the litigation of this Detainee Treatment Act action;

ii.  address only (a) those events leading up to this detainee's capture or (b) the conduct of the CSRT proceeding relating to this detainee; and

iii.  do not include any of the following information, in any form:

a.  information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency;

b.  information relating to current political events in any country;

c.  information relating to security procedures at the Guantanamo Naval Base (GTMO) (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees;

d.  publications, articles, reports, or other such material including newspaper or other media articles, pamphlets, brochures, and publications by non-governmental or advocacy organizations, or

any descriptions of such material.

K.     "Secondary Materials" consists of any of the materials described in 2.J.iii., above, that counsel believes are directly related to the litigation of this Detainee Treatment Act action.

## 3. Designation of Court Security Officer

The Court designates Christine E. Gunning as Court Security Officer for this case, and Joan B. Kennedy, Michael P. Macisso, James P. Londergan, Mary M. Cradlin, Daniel O. Hartenstine, John P. Molinard, Jennifer Campbell, Erin Hogarty and Barbara J. Russell as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure of any classified documents or information, or protected documents or information, to be made available in connection with this case. Petitioners' counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

## 4. Roles and Functions of the DoD Privilege Team and Special Litigation Team

A.     The "DoD privilege team" is comprised of one or more DoD attorneys and one

or more intelligence or law enforcement personnel.  If required, the DoD privilege team may include interpreters/translators, provided that such personnel meet these same criteria. The DoD privilege team is charged with representing and protecting U.S. Government interests related to security and threat information.  The DoD privilege team functions in congruence with the Court Security Officer under this order to assure that those equities are protected while assuring attorney-client privilege is not violated.  The DoD privilege team is authorized to review all communications specified in this order (including written communications and other materials sent from the counsel to the enemy combatant detainee (and review of communications from the detainee, to the extent counsel requests such review)).  The DoD privilege team may not disclose those communications from counsel other than information provided in a filing with the Court served on government counsel, unless the disclosure of such information is authorized by this order, the Court or counsel for the detainee.

B.    The DoD privilege team is given specific authority to identify and designate information "Protected Information."  Upon application to this Court, counsel may request that such material be removed from protected status.

C.     The DoD privilege team, in coordination with the Court Security Officer, may identify to this Court any issues or problems related to the release or processing of information related to the cases. The DoD privilege team is authorized to directly contact this Court on these issues through the "Special Litigation Team" (see below).

D.     A "Special Litigation Team" is authorized to represent the DoD Privilege Team with respect to execution of their duties. The Special Litigation Team shall, if needed, comprise one or more attorneys from the Department of Justice. Such attorneys shall not take part or be involved in litigating the merits of the petitions in the Guantanamo Bay detainee cases or any other cases brought by or against the petitioner.

E.     The DoD Privilege Team is hereby authorized to disclose to the Special Litigation Team information otherwise not permissibly disclosable under this Order. The Special Litigation Team shall not disclose such information provided by the DoD Privilege Team, or any information submitted by petitioners' counsel to the DoD Privilege Team for review, outside the DoD Privilege Team and the Special Litigation Team, except as provided by this

-11-

Order or as permitted by petitioners' counsel or by the Court. The Special

Litigation Team may submit filings to the Court concerning the DoD Privilege

Team or actions taken by it that contain or concern information otherwise not

permissibly disclosable.

F.      Until otherwise notified, filings made by the Special Litigation Team

containing potentially privileged information shall be made under seal through

the Court Security Officers. Such filings shall contain a conspicuous notation

in substantially the following form, "Filed Under Seal – Contains Privileged

Information." Filings by counsel for a petitioner challenging DoD privilege

team action that contain privileged information that would otherwise warrant

filing *ex parte*, likewise shall be filed through the Court Security Officers with

the foregoing notation, conspicuously placed. The Court Security Officers shall

not serve such filings by petitioners' counsel or the Special Litigation Team on

counsel for respondent, except as authorized by petitioners' counsel or the

Court. With respect to a filing made under seal, the Special Litigation Team

and involved counsel shall confer regarding a redacted version of the filing

suitable for filing on the public record. Unresolved disputes concerning such

redacted versions may be presented to the Court.

**5. Access to Classified Information and Documents**

A.     Without authorization from the Government, no petitioner or petitioners'
counsel shall have access to any classified information involved in this case.

B.     Authorization from the Government will not be granted unless that person shall
first have:

    i.     been determined by the Government to have a "need to know" with
respect to the particular classified information at issue;

    ii.    received the necessary security clearance as determined by the
Department of Justice Security Officer;

    iii.   signed the Memorandum of Understanding ("MOU"), attached hereto
as Exhibit A, agreeing to comply with the terms of this Protective Order;

    iv.    if counsel for a "next friend" petitioner, have obtained authorization to
represent the detainee (and to have access to the record) by having the
detainee sign Exhibit D; and

    v.     if counsel appointed by this Court to a pro se petitioner, have obtained
a signed authorization to represent the detainee.

-13-

C. The Government will provide petitioners' counsel that has met each of the requirements of 5.B., above, with access only to material in the CSRT record for the petitioner that the Government has determined petitioners' counsel has a "need to know."

D. Petitioners' counsel, to be provided access to classified information, shall execute the MOU appended to this Protective Order, and shall file executed originals with the Court and submit copies to the Court Security Officer and counsel for the Government. The execution and submission of the MOU is a condition precedent for petitioners' counsel to have access to, or continued access to, classified information for the purposes of this proceeding.

E. The substitution, departure, or removal of petitioners' counsel from this case for any reason shall not release that person from the provisions of this Protective Order or the MOU executed in connection with this Order.

F. The Government shall arrange for one appropriately approved secure area for the use of petitioners' counsel. The secure area shall contain a working area that will be supplied with secure office equipment reasonable and necessary to

-14-

the preparation of the petitioners' case. Expenses for the secure area and its equipment shall be borne by the Government. Consistent with other provisions of this Protective Order, petitioners' counsel shall have access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

G.    The Court Security Officer shall establish procedures to ensure that the secure area is accessible to petitioners' counsel during normal business hours and at other times on reasonable request as approved by the Court Security Officer. The Court Security Officer shall establish procedures to ensure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. The Court Security Officer or Court Security Officer designee may place reasonable and necessary restrictions on the schedule of use of the secure area in order to accommodate appropriate access to all petitioners' counsel in this and other proceedings.

H.    All classified information provided by the Government to counsel for petitioner, and all classified information otherwise possessed or maintained by petitioners' counsel, shall be stored, maintained, and used only in the secure

-15-

area. No documents containing classified information may be removed from the secure area unless authorized by the Court Security Officer or Court Security Officer designee supervising the area.

I.    Petitioners' counsel shall not copy or reproduce any classified information, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

J.    All documents prepared by petitioner or petitioners' counsel that do or may contain classified information (including without limitation, notes taken or memoranda prepared by counsel and pleadings or other documents intended for filing with the Court) shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information. Such activities shall take place in the secure area on approved word processing equipment and in accordance with the procedures approved by the Court Security Officer. All such documents and any associated materials containing classified information (such as notes, memoranda, drafts, copies, typewriter ribbons, magnetic

recordings, exhibits) shall be maintained in the secure area unless and until the DoD privilege team advises that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the Government unless authorized by the Court, by petitioners' counsel or as otherwise provided in this Protective Order.

K.    Petitioners' counsel shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system, and shall not transmit or discuss classified information in electronic mail communications of any kind.

L.    The Court Security Officer or Court Security Officer designee shall not reveal to any person the content of any conversations she or he may hear by or among petitioners' counsel, nor reveal the nature of documents being reviewed by them, or the work generated by them, except as necessary to report violations of this Protective Order to the Court or to carry out their duties pursuant to this Order. In addition, the presence of the Court Security Officer or Court Security Officer designee shall not operate as a waiver of, limit, or otherwise render

-17-

inapplicable, the attorney-client privilege or work product protections.

M.    Except as provided herein, petitioners' counsel shall not disclose the contents of any classified documents or information to any person, including counsel in related cases brought by Guantanamo Bay detainees in this Court or any other court.  Petitioners' counsel shall not disclose classified information to the petitioner, unless that information was obtained in the first instance from the petitioner, and the classification is based solely on the information contained in the detainee's statements.

N.    Neither petitioner nor counsel to petitioner shall disclose or cause to be disclosed any information known or believed to be classified in connection with any hearing or proceeding in this case except as otherwise provided herein.

O.    At no time, including any period subsequent to the conclusion of the proceedings, shall petitioners' counsel make any public or private statements disclosing any classified information or documents accessed pursuant to this Protective Order, including the fact that any such information or documents are

classified.

P.     As stated in more detail below, failure to comply with these rules may result

in the revocation of counsel's security clearance, revocation of authorization

to travel to Guantanamo, as well as civil and/or criminal liability.

Q.     All documents containing classified information prepared, possessed or

maintained by, or provided to, petitioners' counsel (except filings submitted

to the Court and served on counsel for the Government), shall remain at all

times in the control of the Court Security Officer for the duration of this case.

Upon final resolution of this case, including all appeals, all such documents

shall be destroyed by the Court Security Officer.

**6. Access to Protected Information and Documents, and to Unclassified CSRT Records.**

A.     Without authorization from the Government or the Court, protected

information shall not be disclosed or distributed to any person or entity other

than the following:

i.     petitioners' counsel, provided such counsel has signed the

-19-

acknowledgment, attached hereto as Exhibit B, attesting to the fact that they have read this Protective Order and agree to be bound by its terms, and they have obtained a signed authorization to represent the detainee (Exhibit C or D); and

ii.    the Court and its support personnel.

B.    The execution of the Acknowledgment is a condition precedent for petitioners' counsel to have access to, or continued access to, protected information for the purposes of this proceeding.  Petitioners' counsel will also file with the court copies of the Acknowledgement related to access to protected information.  A copy of each executed Acknowledgment shall be kept by counsel making the disclosure until thirty (30) days after the termination of this action, including appeals.

C.    The substitution, departure, or removal of petitioners' counsel from this case for any reason shall not release that person from the provisions of this Protective Order or the Acknowledgment executed in connection with this Protective Order.