# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE : | : | |
| **GUANTANAMO BAY** | : | Misc. No. 08-442 (TFH) |
| **DETAINEE LITIGATION** | : | |
| | : | |
| **ALI SHAH MOUSOVI, et al.,** | : | |
| *Petitioners/Plaintiffs,* | : | |
| | : | |
| v. | : | Civil No. 05-CV-1124 (RMC) |
| | : | |
| **GEORGE W. BUSH, et al.,** | : | |
| *Respondents/Defendants.* | : | |
| | : | |
| **HAMID AL RAZAK, et al.,** | : | |
| *Petitioners/Plaintiffs,* | : | |
| | : | Civil No. 05-CV-1601 (GK) |
| v. | : | |
| | : | |
| **GEORGE W. BUSH, et al.,** | : | |
| *Respondents/Defendants.* | : | |
| | : | |
| **ABDULLAH WAZIR ZADRAN, et al.** | : | |
| *Petitioners/Plaintiffs,* | : | |
| | : | |
| v. | : | Civil No. 05-CV-2367 (RWR) |
| | : | |
| **GEORGE W. BUSH, et al.,** | : | |
| *Respondents/Defendants.* | : | |
| | : | |
| **ABDUL SALAM ZAEEF, et al.** | : | |
| *Petitioners/Plaintiffs,* | : | |
| | : | |
| v. | : | Civil No. 05-CV-660 (RMC) |
| | : | |
| **GEORGE W. BUSH, et al.,** | : | |
| *Respondents/Defendants.* | : | |

**STATUS REPORT OF PETITIONERS IN *MOUSOVI v. BUSH*,
*AL RAZAK v. BUSH, ZADRAN v. BUSH, AND ZAEEF v. BUSH***

Pursuant to the Court's Order of July 11, 2008, petitioners in *Al Razak v. Bush*, Civ.

No. 05-CV-1601 (GK), *Mousovi v. Bush*, Civ. No. 05-CV-1124 (RMC), *Zadran v. Bush*, 05-CV-

2367 (RWR), and *Zaeef v. Bush*, No. 05-CV-660 (RMC), hereby submit this status report.

## I. Petitioners at Guantanamo

### A. *Mousovi v. Bush, No. 05-CV-1124 (RMC)*

1. Petitioner **Wali Mohammed** (ISN 560) (mistakenly identified in the petition as Wali

Mohammed <u>Morafa</u>), is a citizen of Afghanistan. He remains at Guantánamo, where, upon

information and belief, he has been held since approximately May 2002. On June 7, 2005, a

Next Friend Petition for Writ of Habeas Corpus was filed on his behalf in this Court.

Wali Mohammed is from Baghlan Province in Afghanistan, although his family has lived

in Pakistan since 1978. He was a gold and currency trader prior to his arrest by agents from

Pakistan's Interservices Intelligence Agency (ISI). Mohammed was owed a large sum of money

by an ISI informant. The night before the final jirga (meeting) on the debt, ISI agents arrested

Mohammed, accused him of selling drugs, and threatened to sell him to U.S. forces if he did not

sell his house and give them the proceeds. When Mohammed refused, Pakistani authorities

turned him over to the U.S. military. The latter then accused him of providing assistance to the

Taliban government by participating in a failed currency trading deal with the president of the

Bank of Afghanistan, a man he knew prior to the Taliban's rise to power. Wali Mohammed is a

businessman who has conducted his business under successive governments independent of

ideology.

B. *Al Razak v. Bush*, Civ. No. 05-CV-1601 (GK)

1. Petitioner **Haji Hamidullah**, a.k.a. Hamid al Razak (ISN 1119), a citizen of Afghanistan, has been held at Guantánamo since, upon information and belief, approximately November 2003. On August 10, 2005, Hamidullah's former counsel filed a Next Friend Petition for Writ of Habeas Corpus on his behalf in this Court.

Petitioner Hamidullah was imprisoned by the Taliban for eighteen months, until he escaped from their jail. After the U.S. invasion of Afghanistan, Hamidullah sought to cooperate with U.S. forces. He worked with the current Afghan Defense Minister, Rahim Wardak, to reinstall the former Afghan King, Mohammed Zahir Shah, who had lived in exile under the Taliban. Hamidullah was not arrested on the battlefield. Moreover, he has never expressed any interest in harming the United States or the present government of Afghanistan. Indeed, he has expressed his belief that the American and United Nations presence in his country has benefited the Afghan people.

C. *Zadran v. Bush*, No. 05-2367

1. Petitioner **Abdul Haq Wasiq** (ISN 003) was on the first flight of prisoners into Guantanamo on January 11, 2002, and thus is among the longest-held prisoners there. A Next Friend Petition for a Writ of Habeas Corpus was filed on his behalf on December 9, 2005.

Wasiq had served as Deputy Director of the Taliban Ministry of Intelligence prior to the U.S. invasion of Afghanistan. On information and belief, Wasiq and another Guantanamo prisoner arrested with him were falsely accused of anti-U.S. and pro-terrorist activities by persons hoping to receive, and who did in fact receive, generous financial rewards from the U.S. for their "evidence." Further, on information and belief, Wasiq had agreed to support the U.S.-led coalition when the false reports about him were made and he was seized.

Few of respondents' unclassified claims against Wasiq relate to the period after the fall of the Taliban. Rather, most have to do with his asserted domestic governmental activities – none of which are said to have touched upon terrorism – prior to the arrival of the U.S. in Afghanistan. He disavows any association with "the Arabs who came to his country and [caused problems]"

2. Petitioner **Mohammad Nabi Omari** (ISN 832) arrived at Guantanamo, on information and belief, in late 2002. A Next Friend Petition for a Writ of Habeas Corpus was filed on his behalf on December 9, 2005.

Omari held a position with the Ministry of the Borders under the Taliban. On information and belief, he was also a respected judge, and served as a representative in the Loya Jerga that selected Hamid Karzai as president of Afghanistan. A large group of senior elders from his community has petitioned for his release. He is charged, among other things, with helping al Qaeda leaders escape from Afghanistan following the U.S. invasion and in other ways, but he denies ever supporting al Qaeda or foreign extremists in Afghanistan in any way, at any time.

On information and belief, Omari had agreed to join the pro-Karzai regional government in Paktia Province, then led by Governor Taniwal, when the U.S. arrested him. Governor Taniwal had spent the Taliban years in exile, teaching at a university in Australia, but returned to assist his country after the Taliban fell. Governor Taniwal was widely respected as honest and effective, but was targeted by the Taliban or al Qaeda and later assassinated.

Omari was not arrested on a battlefield, but at a U.S. facility. Shortly after the U.S. arrived in Afghanistan, Omari had worked on several occasions with U.S. personnel, known to him only by widely used code names, such as "Mike." When Omari learned that the U.S.

wanted to talk to him again, he went – voluntarily and alone – to a U.S. facility to meet with them. There he was arrested. Omari is now in solitary confinement in Camp 6.

    3. Petitioner **Mohammad Zahir** (ISN 1103) arrived at Guantanamo in late 2003. A Next Friend Petition for a Writ of Habeas Corpus was filed on his behalf on December 9, 2005.

    Under the Taliban, Zahir was drafted into government service. He managed to obtain a low-level civilian position at the Ministry of Intelligence in lieu of having to fight against the Northern Alliance. Because of his relative education – he had a high school diploma – he was disliked by the Taliban and given only menial work.

    When the Taliban fell, Zahir fled to Iran. On information and belief, while he was out of Afghanistan, fleeing Taliban officials abandoned some papers at his house. Many of the charges against him relate to those papers, although respondents' description of their contents has evolved considerably over the course of his CSRT and subsequent ARBs.

    When Zahir returned to Afghanistan, he began teaching at a newly established secular elementary school, where he was one of a handful of teachers. Zahir taught mathematics and languages. Because of his work, Zahir received death threats in the form of night letters from Taliban sympathizers, who wanted the school transformed into a madrassa, a form of religious school. At first, classes were held in the open air for about 350 children, but eventually a regular school was built. The number of students at the school has doubled, and higher grades have been added as the earliest elementary students have grown older. Because of the shortage of educated candidates, Zahir has not been replaced by another teacher, despite the school's growth. Zahir was arrested at his home in front of his family.

    4. Petitioner **Mohammad Rahim** arrived at Guantanamo in late 2003. A Next Friend Petition for a Writ of Habeas Corpus was filed on his behalf on December 9, 2005.

Rahim was drafted into the Taliban and, because of a chronic medical condition, was assigned a civilian job at the Ministry of Intelligence. His duties were to purchase goods for a special store that sold foodstuffs and other goods to government officials.

When the Taliban fell, Rahim returned to his home town. On information and belief, he was arrested on the basis of false reports entered against him by neighbors who coveted his farmland, which had unusually good access to water. On information and belief, those neighbors are now farming his land. Rahim was arrested at home in front of his family.

D. *Zaeef v. Bush*, No. 05-CV-660 (RMC)

1. Petitioner **Abdul Salam Zaeef** (ISN 306) is a citizen of Afghanistan. On April 1, 2005, he filed a Petition for Writ of Habeas Corpus. Shortly thereafter, he was freed from the custody of the United States. His petition was dismissed without prejudice on October 17, 2005.

## II. Petitioners Imprisoned Abroad Whose Petitions are to be Coordinated with Misc. No. 08-444

A. A petitioner in *Mousovi v. Bush*, No. 05-CV-1124 (RMC), **Haji Rohullah Wakil** (ISN 798) is, upon information and belief, currently imprisoned at the U.S.-sponsored Block D of Policharkei Prison in Afghanistan as a collateral consequence of his previous incarceration at Guantanamo, and remains in the constructive custody of the United States. Motions are pending to sever his habeas petition from No. 05-CV-1124 and Misc. No. 08-442, and to coordinate his severed case with Misc. No. 05-444. Also pending is a motion to file a status report in his case, with the proposed status report attached. There are no other petitioners imprisoned abroad and to be coordinated with 08-444 in *Mousovi v. Bush,* No. 05-CV-1124 (RMC).

B. There are no petitioners imprisoned abroad and to be coordinated with 08-444 in *al Razak v. Bush*, No. 05-1601 (GK), or *Zaeef v. Bush*, No. 05-CV-660 (RMC).

C. A petitioner in *Zadran v. Bush*, No. 05-CV-2367 (RWR), **Ghulam Rohani** (ISN 003), is currently imprisoned at the U.S.-sponsored Block D of Policharkei Prison in Afghanistan as a collateral consequence of his previous incarceration at Guantanamo, and remains in the constructive custody of the United States. Motions are pending to sever his habeas petition from No. 05-CV-2367 and Misc. No. 08-442, and to coordinate his severed case with Misc. No. 05-444. Also pending is a motion to file a status report in his case, with the proposed status report attached. There are no other petitioners imprisoned abroad and to be coordinated with 08-444 in *Zadran v. Bush*, No. 05-CV-2367 (RWR).

## III. Petitioners Who Are Free and Consent to Dismissal Without Prejudice, or Have Already Been Dismissed Without Prejudice

A. In *Mousovi v. Bush*, No. 05-CV-1124 (RMC), all petitioners who are now free have already been dismissed without prejudice. They are **Sabar Lal** (ISN 801), **Izatullah Nusrat** (ISN 977), **Haji Nusrat** (ISN 1009), **Abdul Razak Iktiar Mohammed** (ISN 1043), **Ali Shah Mosouvi** (ISN 1154), and **Abd-Al-Rahman** (a.k.a. Abdul Rahman Aziz Khan).

In addition, **Abdul Razak Iktiar Mohammed** (ISN 1043) was released after transfer to Policharkei Prison. Based on that information, counsel consent to dismissal of his petition without prejudice. He may wish at some later date to refile his petition to address the continuing collateral consequences, such as travel restrictions, of his illegal detention.

B. The petitioner in *al Razak v. Bush*, No. 05-1601 (GK) is still at Guantanamo.

C. In *Zadran v. Bush*, No. 05-CV-2367, petitioners **Abdullah Wazir Zadran** (ISN 976), **Dr. Hafizullah** (ISN 1001) (a.k.a. Hiyatullah), and **Abdullah Mujahid Haq** (ISN 1100) have been released to freedom and based on that information, counsel consent to dismissal of their habeas petitions without prejudice. They may wish at some later date to refile their petitions to

address the continuing collateral consequences, such as travel restrictions, of their illegal
detentions.

    D.  The petitioner in *Zaeef v. Bush*, No. 05-CV-660 (RMC) has been freed from the
custody of the United States.  His petition was dismissed without prejudice on October 17, 2005.

## IV. Petitioners Cleared for Release

    A.  Counsel in *Mousovi v. Bush,* Nos. 05-CV-1124 (RMC), *al Razak v. Bush,* 05-CV-
1601 (GK), and *Zadran v. Bush*, 05-CV-2367 (RWR), do not know of any petitioner in those
cases who has been cleared for release from Guantanamo.  Counsel does not, however, have
current information.  Counsel await respondents' July 31 report on cleared prisoners, required by
the Court's July 11 order

## V. Stays and Motions to Dismiss

    A.  In *Mousovi v. Bush,* No. 05-CV-1124 (RMC), a stay was granted pending the
Supreme Court's consideration of *Boumediene v. Bush*.  The case should be reopened at this
time.[1]  This is a matter appropriate for coordinated decision in a single order lifting the stay in all
cases that were stayed pending *Boumediene*.

    B.  In *al Razak v. Bush*, No. 05-1601 (GK), petitioner moved for a stay pending
exhaustion of remedies under the Detainee Treatment Act, which motion remains *sub judice*.
Counsel plans to withdraw this motion.

    C.  *Zadran v. Bush*, 05-CV-2367 (RWR), was administratively closed pending the
Supreme Court's consideration of *Boumediene v. Bush*.  A motion to reopen is pending and was

---

[1]  A motion to alter or amend the judgment with respect to Petitioner **Rohullah** is also pending
in *Mousovi*, but because Rohullah is now in Policharkei Prison in Afghanistan, his petition is
better coordinated with Misc. No. 08-444 than with Misc. No. 08-442.  A motion to sever his
case from the rest of *Mousovi* and coordinate it with Misc. No. 08-444 is pending.

fully briefed prior to the transfer of the case to Misc. No. 08-442.[2]  Respondents' response to the motion was entered in the docket as an opposition, but by its language does not oppose reopening.  This motion should be granted.  This is a matter appropriate for coordinated decision in a single order reopening all cases that had been administratively closed pending *Boumediene*.

## VI.  Protective Orders

    A.  A Protective Order has been entered in *Mousovi v. Bush*, Nos. 05-CV-1124 (RMC).

    B.  A Protective Order has been entered in *al Razak v. Bush*, 05-CV-1601 (GK).

    C.  A Protective Order has been entered in *Zadran v. Bush*, 05-CV-2367(RWR).

    D.  A Protective Order has been entered in *Zaeef v. Bush*, No. 05-CV-660 (RMC).

Petitioners in these cases do not anticipate filing any motions in connection with the protective order.

## VII.  Factual Returns

    A.  In *Mousovi v. Bush*, No. 05-CV-1124 (RMC), no factual returns have been produced. Some counsel in this matter have security clearance and thus seek production of both the classified and unclassified portions of the factual returns for Wali Mohammed, ISN 560.  This is a matter appropriate for coordinated decision in a single order requiring production of the classified and unclassified portions of factual returns in all cases in which they have not previously been produced.

    B.  In *al Razak v. Bush*, No. 05-CV-1601 (GK), only the unclassified portion of the factual return for the petitioner was produced, since prior counsel did not have security

---

[2] A motion to reopen the case with respect to Petitioner **Rohani** is also pending in *Zadran*, but because Rohani is now in Policharkei Prison in Afghanistan, his petition is better coordinated with Misc. No. 08-444 than with Misc. No. 08-442.  A motion to sever his case from the rest of *Zadran* and coordinate it with Misc. No. 08-444 is pending.

clearance. Some counsel in this matter have security clearance and seek production of the classified portion of the factual return for Hamidullah, ISN 1119. This is a matter appropriate for coordinated decision in a single order requiring production of the classified portion of factual returns in all cases with security cleared-counsel in which the classified returns have not previously been produced.

      C. The classified and unclassified portions of factual returns for all petitioners in *Zadran v. Bush*, No. 05-CV-2367 (RWR), were produced in August 2006.

      D. The petitioner in *Zaeef v. Bush*, No. 05-CV-660 (RMC), has been freed from the custody of the United States.

## VIII. 30-Day Notice Orders

      A. In *Mousovi v. Bush,* No. 05-CV-1124 (RMC), no 30-day notice order was entered. Pursuant to this Court's Order entered July 11, on that date counsel made a written request seeking such notice from respondents and on July 15 filed notice of its request in Misc. No. 08-CV-442. Pursuant to the Court's July 11 order, no further order is required.

      B. In *al Razak*, No. 05-1601 (GK), no 30-day notice order was entered. Pursuant to this Court's Order entered July 11, on that date counsel made a written request seeking such notice from respondents and on July 15 filed notice of its request in Misc. No. 08-CV-442. Pursuant to the Court's July 11 order, no further order is required.

      C. In *Zadran v. Bush*, No. 05-CV-2367 (RWR), 30-day notice orders were entered in July 2006. They should remain in place.

      D. The petitioner in *Zaeef v. Bush*, No. 05-CV-660 (RMC), has been freed from the custody of the United States.

## IX. War Crimes Charges

A. None of the petitioners in *Mousovi v. Bush,* No. 05-CV-1124 (RMC), *al Razak v. Bush,* 05-CV-1601 (GK), *Zadran v. Bush*, 05-CV-2367 (RWR), or *Zaeef v. Bush*, No. 05-CV-660 (RMC), has been charged before a military commission, nor are any such military commission charges anticipated by any petitioners in these cases.

## X. Duplicate Petitions

A. In *Mousovi v. Bush*, No. 05-CV-1124 (RMC), respondents informed counsel shortly after the filing of the petition that petitioners Abdul Rahman Aziz Khan and Abd-al-Rahman were the same individual and that he had been freed from Guantanamo. On July 29, 2005, respondents filed notice that petitioners Ali Shah Mousovi (ISN 1154) and Haji Nusrat (ISN 1009), had submitted *pro se* petitions to this Court, which were docketed as *Ali Shah v. Bush*, No. 05-CV-1012 (ESH), and *Nasrat v. Bush*, No. 05-CV-880 (ESH). On January 6, 2006, Judge Huvelle ordered that Nos. 05-CV-1012 (ESH) and 05-CV-880 (ESH) be administratively removed from the Court's docket. Both Ali Shah Mousovi and Haji Nusrat have been freed from Guantanamo and their petitions in No. 05-CV-1124 (RMC) have been dismissed without prejudice. No further orders are needed.

B. No duplicate petitions were filed in *al Razak v. Bush*, No. 05-CV-1601 (GK).

C. Two of the original petitioners in *Zadran v. Bush*, No. 05-CV-2367 (RWR), whose petitions were filed by their next friends, had themselves also requested and obtained legal representation by writing directly to the Court. They were Tooran Mohammad Amannullah and Chaman Gul Khialigol. They were dismissed by consent from *Zadran* in 2006 because of their other, earlier-filed cases, and there are no remaining duplicate petitions in No. 05-CV-2367 (RWR). No further orders are needed.

D. No duplicate petitions were filed in *Zaeef v. Bush*, No. 05-CV-660 (RMC).

**XI.  Preservation of Evidence**

      A.  No preservation order was entered in *Mousovi v. Bush*, No. 05-CV-1124 (RMC). Petitioners request entry of an order requiring respondents to preserve all evidence relevant to this case.  This is a matter appropriate for coordinated decision in a single order requiring preservation of all relevant evidence.

      B.  No preservation order was entered in *Al Razak v. Bush*, No. 05-CV-1124 (RMC). Petitioners request entry of an order requiring respondents to preserve all evidence relevant to this case.  This is a matter appropriate for coordinated decision in a single order requiring preservation of all relevant evidence.

      C.  An order requiring preservation of relevant evidence was entered in *Zadran v. Bush*, No. 05-CV-2367 (RWR).  This order should remain in place.

      D.  The petitioner in *Zaeef v. Bush*, No. 05-CV-660 (RMC) was been freed from the custody of the United States.

**XII.  Security Clearances**

      A.  As of August 1, 2008, there will be only three security-cleared counsel for the eight petitioners in *Mousovi v. Bush,* Nos. 05-CV-1124 (RMC), *al Razak v. Bush,* 05-CV-1601 (GK), and *Zadran v. Bush*, 05-CV-2367(RWR).  Those attorneys will be Daniel Malone, Peter Ryan, and Nauman Malik.  All other previously cleared counsel will have left the firm.  As this number of security cleared counsel is inadequate, counsel urgently request four additional clearance applications, and seek an order from the Court directing respondents to provide such applications.

**XIII.  Summary of Orders Now Sought from the Coordinating Judge**

      A.  Dismissal without prejudice of petitioners Abdullah Wazir Zadran, Dr. Hafizullah, and Abdullah Mujahid Haq in *Zadran v. Bush*, No. 05-CV-2367 (RWR).

B. Order lifting stay in *Mousovi v. Bush,* No. 05-CV-1124 (RMC) and *al Razak v. Bush,* No. 05-CV-1601 (GK).

C. Order reopening *Zadran v. Bush,* No. 05-CV-2367 (RWR).

D. Order for preservation of evidence in *Mousovi v. Bush,* No. 05-CV-1124 (RMC) and *al Razak v. Bush,* 05-CV-1601 (GK).

E. Order directing respondents to provide four (4) security clearance applications to Dechert LLP.

## XIV. Proposals for Future Proceedings

A. Petitioners in *Mousovi,* Nos. 05-CV-1124 (RMC), *al Razak,* 05-CV-1601 (GK), and *Zadran,* 05-CV-2367(RWR), propose that the Court direct limited individualized discovery to proceed immediately in those cases before the respective judges.

B. Petitioners further propose that the Court convene telephonic status conferences every two weeks.

Dated: July 18, 2008                    Respectfully submitted,

                                         DECHERT LLP
                                         *Counsel for Petitioners*


                                         Rebecca P. Dick
                                         D.C. Bar No. 463197
                                         1775 Eye Street, N.W.
                                         Washington, D.C. 20006
                                         202.261.3300

Daniel C. Malone
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
212.698.3500

George G. Gordon
Peter M. Ryan
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
215.994.4000